IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 10 2022

TAMMY H. DOWNS, CLERK
By: _____
                          DEP CLERK

| | |
|---|---|
| RODNEY A. HURDSMAN; and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VIAPATH TECHNOLOGIES INC. (formerly known as GLOBEL TEL*LINK); RODNEY WRIGHT, SALINE COUNTY SHERIFF; and COUNTY OF SALINE ARKANSAS,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   CASE NO. 4:22-cv-227-JM-JJV<br>§<br>§   CLASS ACTION LAWSUIT<br>§   JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§<br>§ |

## CIVIL RIGHTS COMPLAINT

1.  This is a Civil Rights action brought pursuant to 28 U.S.C. § 1983 seeking redress from the Defendants' violation of the named Plaintiffs' Civil Rights.

2.  This action is further brought pusuant to <u>Monell v. New York Department of Social Services</u>, 436 U.S. 685 (1978), for the Constitutional injury caused by a widespread well settled practice or custom of unlawfully recording attorney-client privileged telephone conversations and providing them to state and federal law enforcement and prosecutors without a valid warrant or court order.

3.  This action is also brought pursuant to any applicable Arkansas State invasion of privacy laws; business and professions laws for the Defendants' unlawful concealment, fraud, negligence and unjust enrichment as an inmate telephone service provider.

**This case assigned to District Judge** ___Moody___
**and to Magistrate Judge** ___Volpe___

4.      The Plaintiff seeks compensatory and punitive damages, as well as any attorney fees and other costs associated with this lawsuit.

## JURISDICTION

5.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 & 1343(a)(3)-(4); and the First, Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

6.      Supplemental jurisdiction of this Court is further invoked over any state court claims under 28 U.S.C. § 1637, and over any state court claims against the Defendants for common-law violations pursuant to 28 U.S.C. § 1367, as these claims form the same case or controversy.

## VENUE

7.      The United States District Court for the Eastern District of Arkansas, Little Rock Division, as it is where the events that have given rise to the claims herein occurred and are presently still ongoing.

## PARTIES

8.      PLAINTIFF: Rodney A. Hurdsman is a resident of the State of Texas, and a citizen of the United States of America. He is currently incarcerated in the Texas Department of Criminal Justice, at the Robertson Unit located at 12071 F.M. 3522, Abilene, Texas.

9.      POTENTIAL PLAINTIFFS: Potential Plaintiffs are all other whom have been or were incarcerated at the Saline County Detention Center (SCDC) from October 21, 2014 to the present ongoing date.

10.     DEFENDANT: VIAPATH TECHNOLOGIES INC. (formerly known as GLOBEL TEL*LINK), is an inmate telephone service provider. They operate throughout the United States, however, their primary place of business operations and offices is unknown to the Plaintiffs at this time.

11.     DEFENDANT: Rodney Wright, is the current sheriff of Saline County, Arkansas. He is employed by the County of Saline, Arkansas, and his office is located at 735 South Neely Street located in the city of Benton, Arkansas.

12.     DEFENDANT: County of Saline, is a County within the State of Arkansas. They operate the SCDC and their primary offices are located in Benton, Arkansas.

13.     At all times relevant to the allegations contained within this Complaint Defendant Viapath Technologies Inc, was acting under the color of state law, regulations, customs and policies, as contractors to provide inmate telephone services at the SCDC for the County of Saline, Arkansas.

14.     At all times relevant to the allegations contained within this Complaint Defendant Rodney Wright was acting under color of state law, regulations, customs and policies as the Sheriff of Saline County, Arkansas; and as the head administrator of SDCD.

15.     At times relevant to the allegations contained within this Complaint Rodney Wright was acting within the nature and scope of his official duties as Sheriff of Saline County, Arkansas.

16.     At other times relevant to the allegations contained within this Complaint Rodney Wright was acting in his individual capacity separate from his duties as Sheriff of Saline County, Arkansas.

17.     Each named Defendant in this Complaint is sued in their individual, official and business capacities by the Plaintiffs.

18.     At all times relevant to the claims and allegations within this Complaint the Defendant County of Saline, Arkansas, was the employer and principal of each named Defendant within this Complaint and the operator and owner of the SCDC.

## REQUEST FOR CLASS ACTION STATUS

19.     Pursuant to Rule 23, of the Federal Rules of Civil Procedure, Plaintiffs' respectfully request that this Court certify this suit as a class action Complaint, and the Plaintiffs therein; and to designate as part of that class every person who was a party to a telephone conversation between a person in custody at SCDC and that persons attorney, on a number designated or requested as not to be recorded because of attorney-client privilege, but which the phone company provider recorded and eavesdropped, unlawfully, from the date of October 21, 2014 up and to the present **and ongoing date.**

## DEMAND FOR A JURY TRIAL

20.     Plaintiffs invoke their rights to a trial by jury in this case pursuant to Rule 38, of the Federal Rules of Civil Procedure, and the Constitution and laws of the United States of America.

## FACTS COMMON TO ALL COUNTS

21. From October 21, 2014 to April 27, 2015, Plaintiff Rodney Hurdsman (Hurdsman) was incarcerated at the SCDC as a pretrial inmate.

22. From October 21, 2014 to April 27, 2015, and up to the present and ongoing date ViaPath Technologies Inc. (ViaPath) has been a contract inmate telephone service provider at the SCDC.

23. During his period of incarceration at SCDC Hurdsman used SCDC's inmate telephones which utilized the inmate telephone service provider ViaPath.

24. At all times prior to using the SCDC's inmate telephones Hurdsman informed SCDC's officers, administrators and Rodney Wright (Wright) both verbally and in writing that he had designated certain telephone numbers to be that of his attorneys, and that these phone numbers, calls and conversations should not be recorded or listened to because they were attorney-client privileged under the law.

25. Rodney Wright, and several officers and administrators at the SCDC agreed and acknowledged that the phone numbers designated by Hurdsman as attorney-calls and attorney-client privileged calls would not be recorded or listened to in accordance with the law, and did so both verbally and in writing and/or notice.

26. ViaPath, and the County of Saline, Arkansas (the County), are contractually by and through each other, and under the law, prohibited from recording and/or listening to attorney-client

5.

privileged telephone calls made by SCDC inmates to their attorneys while they are incarcerated at SCDC.

27.     ViaPath, and the County, are contractually by and through each other, and under the law, prohibited from recording SCDC inmate attorney-client privileged telephone calls and conversations made by inmates incarcerated at the SCDC, and then providing any such recorded attorney-client privileged phone calls to any State or Federal prosecutors via law enforcement agents or officers or otherwise by any other means.

28.     During Hurdsman's period of incarceration, from October 21, 2014 to April 27, 2015, he made several attorney-client privileged telephone calls to his attorneys whom represented him in several pending criminal cases, utilizing the SCDC's inmate telephones and the inmate telephone service provider ViaPath.

29.     ViaPath, Wright and the County, recorded and/or listended to the attorney-client privileged telephone calls and conversations Hurdsman made to his attorneys utilizing the SCDC's inmate telephones and the telephone service provider ViaPath.

30.     ViaPath, Wright and the County, provided said recorded attorney-client privileged telephone calls and conversations that Hurdsman had made to his attorneys utilizing the SCDC's inmate telephones and the inmate telephone service provider ViaPath, to attorneys at the U.S. Attorney's Office for the Eastern District of Arkansas via federal law enforcement agents or by otherwise means without a valid warrant or court order to do so.

31	From October 21, 2014 to the present and ongoing date, a very large number of inmates incarcerated at the SCDC have made attorney-client privileged telephone calls and had conversations with their attorneys utilizing the SCDC's inmate telephones and the inmate telephone service provider ViaPath; which have been unlawfully recorded by ViaPath, Wright and the County, and then provided to state and federal prosecutors via law enforcement officers or agents or by other means, without a valid warrant or court order to do so.

32.	The illegal acts of the Defendants described within this Complaint were deliberately taken against the Plaintiffs with malicious intent to harm the Plaintiffs, and did harm the Plaintiffs and prejudiced their defenses in their criminal cases against them, and the final out-comes of those cases.

33.	The illegal acts of the Defendants described within this Complaint were done with reckless abandonment of the law, and done with complete and utter disregard of clearly established rights and privileges afforded and guaranteed to the Plaintiffs pursuant to the Constitution of the United States of America, and its Amendments, and the Constitution of the State of Arkansas, and its articles and statutes.

34.	The illegal acts of the Defendants described within this Complaint were committed with such gross negligence as to clearly indicate and show wanton disregard for the rights and privileges guaranteed by the United States and Arkansas Constitutions and laws.

35. ViaPath, Wright and the County, never prior to or after, informed Hurdsman and other SCDC inmates incarcerated at SCDC, that their attorney calls were being recorded; nor did they offer any other means or opportunity to make special arrangements for non-recorded attorney calls, except for the SCDC inmate telephones located within each of the letter designated inmate housing pods.

36. At or around the begining of the year 2021, Hurdsman first became aware of the Defendants' improper and unlawful conduct when one of his attorneys provided him with a bank of recorded phone calls he had made while incarcerated at the SCDC.

37. Once Hurdsman was able to ascertain the context and content of the attorney provided bank of SCDC recorded phone calls, which was difficult as Hurdsman is incarcerated in the Texas Department of Criminal Justice and they prohibit inmates from possessing any type of digital media content, and provide no means to access such digital media, he became aware of the fact that some of the phone calls were attorney-client privileged phone calls to his attorneys.

38. In fact, several of the jail calls provided to Hurdsman by his attorney were recorded conversations between Hurdsman and his attorneys discussing matters concerning pending criminal cases. Specifically, there were recorded attorney-client privileged calls made to phone number (817) 877-0401 which was the Law Offices of Jim Shaw and Associates. Mr. Shaw was a retained criminal defense attorney Hurdsman had hired to defend him against pending charges. These calls were unknown to Hurdsman until on or around early 2021.

39.     ViaPath, Wright, and the County, to the current date of the filing of this Complaint has concealed the fact that they unlawfully recorded, and stored as digital media on their computer servers, Hurdsman's and his attorneys', and other inmates at SCDC and their attorneys', attorney-client privileged phone calls and conversations without lawful authority or consent of the parties.

40.     ViaPath, Wright, and the County, to the current date of the filing of this Complaint have concealed the fact that they covertly and unlawfully have provided Hurdsman's and his attorneys' and other inmates at SCDC and their attorneys' attorney-client privileged jail phone calls and conversations to state and federal law enforcement and/or prosecutors, without lawful authority or the consent of the affected parties.

## FEDERAL CLAIMS

41.     The Plaintiffs re-allege and incorporate by reference paragraphs 1-40 of this Complaint into each of the following counts and legal claims stated therein.

## COUNT ONE: INFRINGEMENT OF FREEDOM OF SPEECH AND ASSOCIATION.

42.     Each named Defendant in this suit knowingly and willfully violated the Plaintiffs rights guaranteed and afforded to him, pursuant to and under the First Amendment to the United States Constitution. Specifically, the right to freedom of speech and association to privately have and consult his attorneys, and not have those conversations recorded, stored and given to others.

COUNT TWO: ILLEGAL SEARCH AND SEIZURE OF ATTORNEY PHONE CALLS.

43.     Each named Defendant violated the Plaintiffs' guaranteed rights afforded to them, pursuant to and under, the Fourth Amendment to the United States Contitution. Specifically, the Defendants illegally searched and seized the Plaintiffs' attorney phone calls, which infringed upon the Plaintiffs' and the attorneys privileged communications of which they had a reasonable expectation of privacy; a reasonable expectation of privacy in attorney-client privileged communications which were not lost because they took place utilizing the SCDC inmate telephone system.

COUNT THREE: INTERFERENCE WITH ATTORNEY-CLIENT COMMUNICATIONS.

44.     Each named Defendant violated the Plaintiffs rights which are guaranteed and afforded to them, pursuant to and under, the Sixth Amendment of the United States Constitution. Specifically, the Defendants' interfered with the Plaintiffs' and their attorneys' attorney-client privileged communications, by recording, storing and providing them to law enforcement and prosecutors without lawful authority or consent; thereby negatively affecting pending criminal cases and the disposition thereto.

COUNT FOUR: DENIED AND INTERFERED WITH ACCESS TO THE COURTS.

45.     Each named Defendant violated the Plaintiffs rights which are guaranteed and afforded to them, pursuant to and under, the Fourteenth Amendment of the United States Constitution. Specifically, by recording, storing and providing the Plaintiffs' attorney-client privileged telephone calls and communications to law enforcement

and prosecutors, the prosecutors obtained an unlawful and unfair tactical advantage over the Plaintiffs and their pending criminal charges. The prosecutors then used said advantage to impede defenses of those pending criminal charges, which ultimately, severely caused prejudice and harm to the Plaintiffs concerning the final outcome and dispositions of those criminal cases.

COUNT FIVE: MONELL CLAIM AGAINST SALINE COUNTY ARKANSAS.

46.     The County of Saline, Arkansas, by and through the Saline County Sheriff's Office, and its Sheriff, Rodney Wright, and their SCDC administrators, deputies and officers, owed the Plaintiffs a duty to refrain from engaging in willful, knowing and reckless illegal conduct before, during and after any interaction with the Plaintiffs. The inadequate and inept policies, procedures and customs of Saline County, and its Sheriff Rodney Wright whom is over the SCDC, and its policy enforcer, and the lack of adequate training, supervision, discipline and oversight of the SCDC, was the driving and moving force that served as the basis for illegal conduct and unchecked actions of the Defendants. This violated the rights, privileges and immunities guaranteed and afforded to the Plaintiffs; therefore, the County of Saline, Arkansas, is liable as the Defendants employer, contractor and principal under and pursuant to Monell v. New York Department of Social Services, 436 U.S. 685 (1978).

STATE CLAIMS

COUNT SIX: INVASION OF ATTORNEY-CLIENT PRIVACY.

47.     Plaintiffs further bring a invasion of privacy claim/tort against the Defendants pursuant to <u>Olin Mills, Inc. v. Dodd</u>, 234 Ark. 495, 353 S.W. 2d 22 (Ark. 1962), and <u>Dodrill v. Arkansas Democrat Co.</u>, 265 Ark. 628, 590 S.W. 2d 840 (Ark. 1979), for the Defendants' unreasonable intrusion upon the seclusion of Plaintiffs privileged communications and further unlawfully disseminating said communications to the public.

PRAYER

48.     The Plaintiffs pray that this Honorable Court enter proper orders and judgments granting to the Plaintiffs the below requested relief, and all other equitable relief that this Court finds to be just and proper and in accordance with the law.

REQUEST FOR RELIEF

49.     As a direct and proximate result of the Defendants' illegal actions of unlawfully recording, storing and providing Plaintiffs' attorney-client privileged telephone communications to prosecutors the Plaintiffs have suffered prejudice, harm, emotional distress, and mental anguish at the hands of the Defendants, and Plaintiffs demand that this Court, or a jury, award compensatory damages in the amount of $500,000.00, to be paid to the Plaintiffs by the Defendants, or their principal, jointly, severally or individually.

50.     The acts and omissions of the Defendants were knowingly and willfully done with malicious intent to harm, injure, impede and obstruct the Plaintiffs communication with their attorneys and

to gain a tactical advantage for prosecutors over their pending criminal charges, and is a greater part of an ongoing pattern of illegal actions, deeds and performance of the Defendants as a whole and warrant the imposition of punitive damages. Therefore, Plaintiffs demand that the Court, or a jury, award punitive damages in the amount $5,000,000.00, to be paid to the Plaintiffs by the Defendants or their principal, jointly, severally or individually, to penalize, castigate and punish the Defendants for their illegal actions, and to further prevent, deter and discourage any further and future illegal acts by the Defendants and/or their principlas.

51.     The Plaintiffs further requests judgment against the Defendants in a monetary amount to be determined by the Court for any filing fees, attorney fees and any other associated costs to be incurred by the Plaintiffs in the prosecution of this case, and any other just and equitable relief the Court finds to be in accordance with the law.

### DECLARATION

52.     I, Rodney A. Hurdsman, hereby declare and certify pursuant to 28 U.S.C. § 1746, and under the penalty of perjury, that I have read the aforesaid Complaint, and that the matters alleged therein are true and correct.

Executed and dated on this the 11th day of March, 2022.

RODNEY A. HURDSMAN
PLAINTIFF PRO SE

By: *Rodney A. Hurdsman*
Rodney A. Hurdsman #2170782
Robertson Unit, TDCJ-CID
12071 F.M. 3522
Abilene, Texas   79601

Rodney A. Hurdsman, #2170782
Robertson Unit - TDCJ
12071 F.M. 3522
Abilene, Texas 79601



Clerk, U.S. District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A-149
Little Rock, Arkansas 72201-0000

LEGAL-MAIL