IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 15 2022
TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

RODNEY A. HURDSMAN, §
       Plaintiff, §
v. § CASE NO. 4:22-CV-00227-JM-JVV
AVENTIV d/b/a SECURUS §
TECHNOLOGIES, et al., §
       Defendants. §

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S PARTIAL RECOMMENDED DISPOSITION

COMES NOW, Rodney A. Hurdsman, Plaintiff pro se in the above-styled and numbered cause, and makes the following objections to the Magistrate Judge's Partial Recommended Disposition [Doc.31], and respectfully states the following:

1. On July 8, 2022, Plaintiff recieved the Magistrate Judge's Partial Recommended Disposition [Doc.31] filed on June 29, 2022, in which the Magistrate Judge recommends, "that Defendant's [ViaPath] motion to dismiss which has been construed as a motion for summary judgment be granted, and that Defendant ViaPath Technologies, Inc. be dismissed with prejudice from this lawsuit."

2. The only objections Plaintiff would have with this matter is the fact that he has never even recieved notification from the U.S. Marshal Service and/or the Clerk of the Court that ViaPath was ever served with a summons and the complaint in the case, as can be shown by his May 31, 2022, letter [Doc.30] to the Clerk, and subsequent letters thereafter, inquiring about the issue concerning whether they were ever served because he has never recieved confirmation of service upon them.

3.  More troubling, and entirely unacceptable, is the fact that ViaPath's attorneys (whoever they are) never sent the Plaintiff, and he has not recieved to this day: (1) their Notice of Appearance; (2) their FED.R.CIV.P. 12 Motion to Dismiss; and (3) their Brief in Support of Their Motion to Dismiss.

4.  Consequently, the Plaintiff: (1) had no idea that ViaPath had ever even been served, because no one ever even notified him of that fact; (2) had no idea who ViaPath's attorneys were because they never complied with the FED.R.CIV.P, and Local Rules of the Court, and sent him their notice of appearance; (3) never recieved ViaPath's motion to dismiss nor was given a Fundamentally Fair opportunity to respond to that motion and brief, because once again, ViaPath's attorneys failed to comply with the FED.R.CIV.P., and Local Court Rules, and properly send the Plaintiff copies of those documents they obviously filed.

5.  Additionally, the Magistrate Judge construed Defendant ViaPath's motion to dismiss as a request for summary judgment pursuant to FED.R.CIV.P. 56(c), without the Plaintiff being able to respond to it and without giving him a proper opportunity to conduct discovery to counter ViaPath's evidence if he so chose.

6.  Normally, this situation would have left the Plaintiff, and also the Court, a mess to unravel, and the Plaintiff would object to the Magistrate's Partial Recommended Disposition, and to the fact that the Court contrued ViaPath's motion to dismiss as a motion for summary judgment without the Plaintiff having an opportunity to conduct proper discovery with ViaPath to counter the Court's recommendation.

7.  However, since it is obvious that ViaPath is not the correct party to this suit, the Plaintiff withdraws any formal objections to

the Magistrate Judge's Partial Recommended Disposition, and agrees with the Court that ViaPath Technologies Inc. should be dismissed from this lawsuit, because he does not wish to waste the Court's time and resources.

8.   However, the Plaintiff obtained information that ViaPath was the proper party to this suit, at the outset, from the County Defendants in this case, when he had his family members contact the Saline County Sheriff's Office and inquire as to whom was the inmate contract phone service provider for their jail, the Saline County Detention Center, for the relevant time period corresponding with the allegations within the Plaintiff's complaint in this case.

9.   Thus, fault in this whole matter lies with the County Defendants, as they provided incorrect information which was relayed to the Plaintiff through his family members whom were his only means of researching and investigating that issue at that time. And as such, the Plaintiff respectfully requests that this Court take that fact into consideration when addressing the Plaintiff's Motion For Leave to File a Second Amended Complaint in this case, and ordering the correct inmate phone service provider party, Aventiv, d/b/a Securus Technologies, to be served with a summons and that second amended complaint.

Respectfully submitted,

By: *Rodney A. Hurdsman*
Rodney A. Hurdsman #02170782
TDCJ-CID, Robertson Unit
12071 F.M. 3522
Abilene, Texas  79601

RODNEY A. HURDSMAN
PLAINTIFF PRO SE

3.

## DECLARATION

I, Rodney A. Hurdsman, hereby declare and certify, pursuant to 28 U.S.C. § 1746, and under the penalty of perjury, that I have read the afore-document "Plaintiff's Objections To Magistrate Judge's Partial Recommended Disposition, and that matter stated therein are true and correct.

Executed and dated on this the 8th day of July, 2022.

By: *Rodney A. Hurdsman*
Rodney A. Hurdsman #02170782
TDCJ-CID, Robertson Unit
12071 F.M. 3522
Abilene, Texas  79601

RODNEY A. HURDSMAN
PLAINTIFF PRO SE

4.

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of July, 2022, a copy of the foregoing document was sent via U.S. First Class Mail, to the Defendants as follows:

>Friday, Eldredge & Clark LLP
>400 W. Capitol Avenue, Ste. 2000
>Little Rock, Arkansas 72201

I further hereby certify that on the abovesaid date, I sent via U.S. First Class Mail, a copy of the foregoing document to the Clerk of the Court for this district to be filed in the case. The electronic case filing system will further send a "Notice of Electronic Filing" of the document to the Defendants and their attorney of record.

>*Rodney A. Hurdsman*
>Rodney A. Hurdsman #02170782
>Robertson Unit, TDCJ-CID
>12071 F.M. 3522
>Abilene, Texas  79601

>PLAINTIFF PRO SE

Rodney A. Hurdsman #02170782
TDCJ-CID, Robertson Unit
12071 F.M. 3522
Abilene, Texas  79601

RECEIVED
US DISTRICT COURT
EASTERN DISTRICT ARKANSAS

2022 JUL 15  A 9: 44

TAMMY H DOWNS

July 8, 2022.

Clerk, U.S. District Court
Eastern District of Arkansas
600 W Capitol Avenue, Suite A-149
Little Rock, Arkansas  72201-3325

Re:  Hurdsman v. ViaPath Technologies, et al.; U.S. District Court,
     Eastern District of Arkansas; Case No. 4:22-CV-00227-JM-JJV.

Dear Clerk,

Please find enclosed the belowsaid documents to be filed in the abovesaid case. Also, please file them in the order they are listed. This will help cause any confusion with certain parties and the Court.

1. Plaintiff's Objections to Magistrate Judge's Partial Recommended Disposition;

2. Plaintiff's Motion for Leave to File Second Amended Complaint;

3. Plaintiff's Second Amended Complaint;

4. Plaintiff's Motion for an Extension of Time to Serve a Summons and the Complaint on Aventiv the Proper Inmate Phone Service Provider Named in the Plaintiff's Second Amended Complaint; and,

5. Plaintiff's Motion to Compel Discovery.

Thank you for your valuable time and assistance in this matter.

Very truly yours,


Rodney A. Hurdsman

rc:frh