**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**RODNEY A. HURDSMAN**                                                               **PLAINTIFF**

      **v.**                          **CASE NO. 4:22-CV-00227-JM-JJV**

**AVENTIV d/b/a SECURUS
TECHNOLOGIES,** *et al.*                                                     **DEFENDANTS**

---

**DEFENDANT AVENTIV TECHNOLOGIES LLC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT AND
INCORPORATED MEMORANDUM OF LAW**

---

**<u>TABLE OF CONTENTS</u>**

**Page**

INTRODUCTION ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND.................................................... 2

GOVERNING LEGAL STANDARD .................................................................... 4

ARGUMENT .................................................................................................... 6

    I.    The SAC's Constitutional Claims (Counts 1-4) Fail As a Matter of Law
        Against Aventiv and Should Be Dismissed with Prejudice.................................. 6

        A.    The Court should dismiss Counts 1-4 because they do not provide
            a private right of action against Aventiv.................................................. 6

        B.    The Court should dismiss Counts 1-4 because Aventiv is Not a
            State Actor. ............................................................................................ 7

        C.    The Court should dismiss Counts 1-4 because Plaintiff does not
            claim that Aventiv Promulgated Unconstitutional Policies. .................. 10

        D.    The Court should dismiss Counts 1-4 because the Attorney-Client
            Privilege Is Not a Constitutional Right that can support a Section
            1983 Claim. .......................................................................................... 11

        E.    Count 3 Fails as a Matter of Law ......................................................... 12

        F.    Counts 1 and 4 Fail As a Matter of Law ............................................... 12

    II.    Plaintiff's Constitutional Claims (Counts 1-4) and Wiretap Act Claim
        (Count 6) Are Barred by the *Heck* Doctrine. ......................................... 14

    III.    The Wiretap Act Claim (Count 6) Fails As a Matter of Law ............................ 17

    IV.    The Court should dismiss Plaintiff's state-law claim (Count 7) for
        Invasion of Privacy. ............................................................................... 19

        A.    The Court should decline to exercise supplemental jurisdiction
            over Hurdsman's single state-law claim. ............................................. 19

        B.    If the Court reaches the claim, the claim should be dismissed. ............. 20

    V.    All of Plaintiff's Claims Against Aventiv (Counts 1-4, 6 & 7) Are Time-
        Barred and Should be Dismissed ........................................................... 22

CONCLUSION.................................................................................................. 24

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams v. City of Battle Creek*,
  250 F.3d 980 (6th Cir. 2001) ...................................................................................19

*American Mfrs. Mut. Ins. Co. v. Sullivan*,
  526 U.S. 40 (1999) ...................................................................................................7

*Andes v. Knox*,
  905 F.2d 188 (8th Cir. 1990) ...................................................................................23

*Arkansas Oil & Gas, Inc. v. Commissioner*,
  114 F.3d 795 (8th Cir. 1997) ...................................................................................23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................4, 5, 6

*Bear v. Fayram*,
  650 F.3d 1120 (8th Cir. 2011) .................................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................4, 5, 6

*Bounds v. Smith*,
  430 U.S. 817, 97 S. Ct. 1491 (1977)........................................................................14

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,
  531 U.S. 288 (2001)...................................................................................................8

*Brooks v. SecurusTech.net*,
  No. 13-CV-4646, 2014 U.S. Dist. LEXIS 23003 (E.D.N.Y. Feb. 24, 2014)............8

*Butera & Andrews v. IBM Corp.*,
  456 F. Supp. 2d 104 (D.D.C. 2006) .........................................................................17

*Butera & Andrews v. IBM Corp.*,
  No. 1:06-CV-647 (RBW), 2006 U.S. Dist. LEXIS 75318 (D.D.C. Oct. 18,
  2006) .........................................................................................................................18

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
  556 U.S. 635 (2009).................................................................................................19

*Carlson v. Roetzel & Andress*,
  552 F. 3d 648 (8th Cir. 2008) ....................................................................7

*Christiansen v. W. Branch Cmty. Sch. Dist.*,
  674 F.3d 927 (8th Cir. 2012) .....................................................................5

*Clutchette v. Rushen*,
  770 F.2d 1469 (9th Cir. 1985) ..................................................................11

*Cook v. City of Bella Villa*,
  582 F.3d 840 (8th Cir. 2009) .....................................................................7

*Crest Constr. II, Inc. v. Doe*,
  660 F.3d 346 (8th Cir. 2011) .............................................................19, 20

*Crumpley-Patterson v. Trinity Lutheran Hosp.*,
  388 F.3d 588 (8th Cir. 2004) ..............................................................10, 11

*Dillon v. Moore*,
  No. 3:18-CV-03063, 2019 U.S. Dist. LEXIS 63687 (W.D. Ark. Apr. 11, 2019) ...................14

*Dossett v. First State Bank*,
  399 F.3d 940 (8th Cir. 2005) .....................................................................9

*DuBose v. Kelly*,
  187 F.3d 999 (8th Cir. 1999) .....................................................................9

*Evans v. Newton*,
  382 U.S. 296, 86 S. Ct. 486 (1966) ...........................................................8

*Evans v. Skolnik*,
  997 F.3d 1060 (9th Cir. 2021) ..................................................................13

*Evans v. Skolnik*,
  2009 U.S. Dist. LEXIS 104427 (D. Nev. Nov. 5, 2009), *aff'd*, 637 F. App'x
  285 (9th Cir. 2015)............................................................................10, 18

*Fifth Third Bancorp v. Dudenhoeffer*,
  134 S. Ct. 2459 (2014).............................................................................5

*Flagg Bros. v. Brooks*,
  436 U.S. 149 (1978)..................................................................................8

*Fries v. Helsper*,
  146 F.3d 452 (7th Cir. 1998) .....................................................................9

*Glorvigen v. Cirrus Design Corp.*,
  581 F.3d 737 (8th Cir. 2009) ...................................................................20

*Greenfield v. Kootenai County,*
    752 F.2d 1387 (9th Cir. 1985) .................................................................. 18

*Harvey v. Plains Twp. Police Dep't,*
    421 F.3d 185 (3d Cir. 2005) .....................................................................9

*Heck v. Humphrey,*
    512 U.S. 477 (1994) ...................................................................2, 14, 15, 16

*In re HIPAA Subpoena (Patient Servs.),*
    961 F.3d 59 (1st Cir. 2020) ......................................................................17

*Holt v. Howard,*
    806 F.3d 1129 (8th Cir. 2015) ..................................................................13

*Horacek v. Seaman,*
    No. 2:08-CV-10866, 2009 U.S. Dist. LEXIS 82451 (E.D. Mich.
    Aug. 20, 2009) ......................................................................................11, 15

*Howe v. Ellenbecker,*
    8 F.3d 1258 (8th Cir. 1993) ......................................................................6

*Iswed v. Caruso,*
    No. 1:08-cv-1118, 2009 U.S. Dist. LEXIS 110158 (W.D. Mich.
    Nov. 24, 2009) ........................................................................................8, 9

*Jackson v. Metro. Edison Co.,*
    419 U.S. 345 (1974) ................................................................................8, 9

*Johnson v. City of Shorewood, Minn.,*
    360 F.3d 810 (8th Cir. 2004) ...................................................................20

*Kaylor v. Fields,*
    661 F.2d 1177 (8th Cir. 1981) ..................................................................6

*Lewis v. Casey,*
    518 U.S. 343 (1996) ................................................................................14

*Lugar v. Edmondson Oil Co.,*
    457 U.S. 922 (1982) .................................................................................7

*Maine v. Thiboutot,*
    448 U.S. 1 (1980) .....................................................................................6

*Martin v. Sargent,*
    780 F.2d 1334 (8th Cir. 1985) ..................................................................6

*McManemy v. Tierney*,
    970 F.3d 1034 (8th Cir. 2020) ............................................................20

*McMullen v. Bethell*,
    No. 6:18-CV-6126, 2019 U.S. Dist. LEXIS 205981 (W.D. Ark.
    Nov. 27, 2019) ............................................................20

*Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama*,
    906 F.2d 571 (11th Cir. 1990) ............................................................12

*Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*,
    519 F.3d 466 (8th Cir. 2008) ............................................................23

*Miller v. Davidson*,
    No. 4:21-CV-3092, 2021 U.S. Dist. LEXIS 172543 (D. Neb. Sept. 10, 2021) ......................16

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978) ............................................................2, 4, 10

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ............................................................4

*Nordstrom v. Ryan*,
    762 F.3d 903 (9th Cir. 2014) ............................................................13

*Papasan v. Allain*,
    478 U.S. 265 (1986) ............................................................8

*In re Pharmatrak, Inc. Privacy Litig.*,
    292 F. Supp. 2d 263 (D. Mass. 2003) ............................................................17

*In re Pharmatrak, Inc. Privacy Litig.*,
    329 F.3d 9 (1st Cir. 2003) ............................................................17, 18

*Pitts v. Payne*,
    No. 4:21-CV-00936, 2021 U.S. Dist. LEXIS 249587 (E.D. Ark. Dec. 1, 2021) ....................20

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380
    (1993) ............................................................23

*Pratt v. Securus Techs.*,
    No. 1:20-cv-00295-JDL, 2021 U.S. Dist. LEXIS 82661 (D. Me. Apr. 30, 2021) ................18

*Randolph v. Nev. ex rel. Nev. Dep't of Corr.*,
    3:13-cv-148-RCJ-WGC, 2013 U.S. Dist. LEXIS 154935, 2013 WL 5818894
    (D. Nev. Oct. 29, 2013) ............................................................19

*Sanders v. Sears, Roebuck & Co.*,
    984 F.2d 972 (8th Cir. 1993) ............................................................10

*Simpson v. Anthony's Funeral Home*,
    No. 3:07-cv-00064 JMM, 2007 U.S. Dist. LEXIS 40940 (E.D. Ark. June 5,
    2007) ................................................................................................12

*Steele v. City of Bemidji*,
    257 F.3d 902 (8th Cir. 2001) .............................................................9

*Stiff v. Morehead*,
    No. 5:09-CV-0092, 2010 U.S. Dist. LEXIS 142229 (E.D. Ark. Dec. 21, 2010)....................20

*Tulp v. Educ. Comm'n for Foreign Med. Graduates*,
    376 F. Supp. 3d 531 (E.D. Pa. 2019) ................................................8

*U.S. v. Singer*,
    785 F.2d 228 (8th Cir. 1986) .............................................................12

*United States v. Hurdsman*,
    821 F. App'x 664 (8th Cir. 2020).......................................................1

*United States v. Rivera*,
    292 F. Supp. 2d 838 (E.D. Va. 2003) ................................................19

*United States v. Sawatzky*,
    994 F.3d 919 (8th Cir. 2021) .............................................................12

*United States v. Townsend*,
    987 F.2d 927 (2d Cir. 1993)...............................................................17

*United States v. Tyerman*,
    701 F.3d 552 (8th Cir. 2012) .............................................................12

*United States v. Wuliger*,
    981 F.2d 1497 (10th Cir. 1992) .........................................................18

*Vega v. Tekoh*,
    597 U.S. __ (2022)...............................................................................11

*Waters v. Madson*,
    921 F.3d 725 (8th Cir. 2019 ...............................................................6

*Whitenight v. Elbel*,
    No. 2:16-CV-00552, 2017 U.S. Dist. LEXIS 55234 (W.D. Pa. Apr. 10, 2017)....................16

*Williams v. Poulos*,
    11 F.3d 271 (1st Cir. 1993)................................................................18

*Wing v. McGinty*,
No. 3:18-CV-05011, 2018 U.S. Dist. LEXIS 197943 (W.D. Wash. Oct. 9, 2018) ..................................................................................................................16

*Wood v. Burns*,
No. 5:19-cv-00228-DPM-JJV, 2019 U.S. Dist. LEXIS 172504 (E.D. Ark. Aug. 28, 2019) .......................................................................................................13

*Young v. City of St. Charles*,
244 F.3d 623 (8th Cir. 2001) ........................................................................... 4

**State Cases**

*Chalmers v. Toyota Motor Sales, USA, Inc.*,
326 Ark. 895, 935 S.W.2d 258 (1996) ...........................................................21

*Craig v. Traylor*,
323 Ark. 363, 915 S.W.2d 257 (1996) ...........................................................22

*Duggar v. City of Springdale*,
2020 Ark. App. 220, 599 S.W.3d 672 .............................................................21

*Dunlap v. McCarty*,
284 Ark. 5, 678 S.W.2d 361 (1984) ...............................................................21

*Williams v. Mozark Fire Extinguisher Co.*,
318 Ark. 792, 888 S.W.2d 303 (1994) ...........................................................22

**Federal Statutes**

18 U.S.C.
Sections 2510 *et seq.,* Federal Wiretap Act .......................................... *passim*

28 U.S.C.
Sections 1367(a),(c) ........................................................................................19
Section 2254..................................................................................................14

42 U.S.C.
Section 1983 ............................................................................................ *passim*

**State Statutes**

Ark. Code Ann.
Section 16-56-105......................................................................................21, 22

**Rules**

Federal Rule of Civil Procedure
    Rule 8 .......................................................................................................5, 6
    Rule 12(b)(6) .................................................................................................4

**United States Constitutional Provisions**
    First, Fourth, Sixth, and Fourteenth Amendments .......................................... *passim*

**Other Authorities**

S. Rep. No. 99-541 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555 ..............................................17

## INTRODUCTION

This case presents the complaint of a serial jailhouse litigant, Plaintiff Rodney A. Hurdsman ("Plaintiff" or "Hurdsman").[1] On this occasion, Plaintiff has named Defendant Aventiv Technologies, LLC ("Aventiv") in his Second Amended Class Action Complaint ("SAC") and alleges that Aventiv, along with defendants Saline County, Arkansas ("County", and Saline County Sheriff Rodney Wright ("Wright") (collectively "Defendants"), violated his First, Fourth, Sixth, and Fourteenth Amendment rights, the Federal Wiretap Act, and Arkansas' invasion of privacy laws. While Plaintiff claims that Aventiv, a private company, "was acting under color of state law," Doc. 41 [SAC] ¶ 13, he does not assert claims against Aventiv pursuant to 42 U.S.C. § 1983 ("section 1983"). Instead, he pleads separate, free-standing claims for each of the aforementioned alleged constitutional violations, none of which provide a private right of action.

The gravamen of Plaintiff's SAC is that Aventiv contracted to provide a jail telephone system to the Saline County Detention Center ("SCDC"), and the phone system allegedly recorded an unspecified number of calls Plaintiff placed to his attorney while Plaintiff was incarcerated at SCDC from October 21, 2014 to April 27, 2015. The SAC alleges that these call recordings prejudiced Plaintiff's underlying criminal case, which led to his felony conviction for bank robbery. These alleged facts and purported injury are the sole basis for the SAC's claims against Aventiv. Doc. 41 [SAC] ¶¶ 42-46, 48.

---

[1] Plaintiff is repeat felony offender, most recently convicted of aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2 and 2113. *See United States v. Hurdsman*, 821 F. App'x 664, 664 (8th Cir. 2020). Plaintiff also is a serial filer of frivolous lawsuits. *See, e.g., Hurdsman v. Salkeld*, No. 4:09-cv-00892-DPM-JJV, 2011 U.S. Dist. LEXIS 28916 (E.D. Ark. Feb. 1, 2011); *Hurdsman v. Wright*, No. 4:15-cv-00090-KGB-JJV, 2015 U.S. Dist. LEXIS 55325 (E.D. Ark. Mar. 19, 2015); *Hurdsman v. Cadell*, No. 4:15-cv-00703 (N.D. Tex.); *Hurdsman v. Mayo*, No. 4:2015cv00930 (N.D. Tex.); *Hurdsman v. White*, No. 5:15-cv-01724 (W.D. La.); *Hurdsman v. Commander Pokluda*, No. 1:17-cv-00290 (W.D. Tex.); *Hurdsman v. Gleason*, No. 1:22-cv-00254 (W.D. Tex.); *Hurdsman v. Smith*, No. 1:22-cv-00406 (W.D. Tex.); *Hurdsman v. Deer*, No. 5:98-cv-00157 (W.D. Okla.); *Hurdsman v. Director TDCJ-CID*, No. 4:21-cv-00427 (N.D. Tex.); *Hurdsman v. Wackenhut*, 1:97-cv-00835 (W.D. Tex.).

As an initial matter, all of Plaintiff's federal claims against Aventiv are *Heck*-barred because the only injury claimed is prejudice to Plaintiff's underlying felony criminal case. The constitutional claims fail because they do not provide a private right of action, Aventiv is not a state-actor, and Plaintiff explicitly has not pled *Monell* liability against Aventiv. The Wiretap Act claim also is *Heck*-barred and fails for the independent reason that Plaintiff has not alleged that Aventiv intentionally recorded attorney-client privileged calls. Finally, all of the claims are time-barred because the SAC's alleged events occurred on or before April 27, 2015, and there is no basis for tolling the relevant statutes of limitation.

As explained more fully below, the SAC fails to state any cognizable claim against Aventiv, and therefore it should be dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The SAC alleges that Plaintiff "is currently incarcerated in the Texas Department of Criminal Justice." Doc. 41 [SAC] ¶ 8. "From October 21, 2014 to April 27, 2015", Plaintiff "was incarcerated at the SCDC as a pretrial inmate." *Id.* ¶ 22.

The SAC alleges that Defendant Aventiv "is an inmate telephone service provider" (*id.* ¶ 10), that "was acting under the color of State law, regulations, customs and policies, as contractors to provide inmate telephone services at the SCDC for the County of Saline, Arkansas." *Id.* ¶ 13. "From October 21, 2014 to April 27, 2015, and up to the present," Aventiv allegedly "has been a contract inmate telephone service provider at the SCDC." *Id.* ¶ 22.

The SAC alleges that Plaintiff, while incarcerated at SCDC from October 21, 2014 to April 27, 2015, "made several attorney-client privileged telephone calls to his attorneys whom represented him in several pending criminal cases, utilizing the SCDC's inmate telephones and the

---

[2] Aventiv disputes the allegations in the SAC and recites them here solely for the purpose of the motion to dismiss.

inmate telephone service provider Aventiv." *Id.* ¶ 28. The SAC alleges that Defendants, "recorded and/or listened to the attorney-client privileged telephone calls and conversations Hurdsman made to his attorneys utilizing the SCDC's inmate telephones and the telephone service provider Aventiv" and then subsequently provided the purported attorney call recordings to federal law enforcement agents "without a valid warrant or court order to do so." *Id.* ¶¶ 29-30.

The SAC alleges that Defendants "from October 21, 2014 to the present" have unlawfully recorded attorney calls, not just of Plaintiff, but of "a very large number of inmates incarcerated at the SCDC" and then provided those calls to law enforcement. *Id.* ¶ 31. The SAC generally alleges that the "illegal acts of the Defendants described within this Complaint" were taken against the plural "Plaintiffs" (i.e., not just Mr. Hurdsman but all the purported plaintiff inmates at SCDC for the last 8 years), either deliberately, recklessly, or with gross negligence. *Id.* ¶¶ 32-34.

Plaintiff brings this action, without the representation of counsel, on behalf of a putative class of "every person whom [sic] was a party to a telephone conversation between a person in custody at the SCDC, and that persons [sic] attorney and the attorneys themselves, on a number designated or requested to not be recorded because of attorney-client privilege, but which the named Defendants within this suit unlawfully recorded, eavesdropped, and in some cases diseminated, [sic] unlawfully, from the date of October 21, 2014, up and to the present ongoing date." *Id.* ¶ 19.[3]

Plaintiff alleges that he only became aware of "Defendants' improper and unlawful conduct" in 2021 "when one of his attorneys provided him with a bank of recorded phone calls he had made while incarcerated at the SCDC." *Id.* ¶ 36.

---

[3] Aventiv has concurrently filed a motion to strike the SAC's class allegations based upon, *inter alia,* the Court's prior order denying Plaintiff's request for class certification. *See* Doc. 3 ("*pro se* litigants such as Plaintiff are not authorized to represent the rights, claims, and interest of other parties in any cause of action, including a class action lawsuit").

Based on the aforementioned allegations, Plaintiffs' SAC pleads the following purported counts against all Defendants:

- **Count One** – Infringement of Freedom of Speech in violation of the First Amendment to the United States Constitution;

- **Count Two** – Illegal Search and Seizure of Attorney Phone Calls in violation of the Fourth Amendment to the United States Constitution;

- **Count Three** – Interference with Attorney-Client Communications in violation of the Sixth Amendment to the United States Constitution;

- **Count Four** – Denied and Interference with Access to the Courts in violation of the Fourteenth Amendment to the United States Constitution;

- **Count Six** – Violation of the Federal Wiretap Act, 18 U.S.C. § 2511(1); and

- **Count Seven** – Arkansas State Invasion of Privacy Claim/Tort.

Doc. 41 ¶¶ 42-48.

Count Five – *Monell* Claim Against Saline County Arkansas is alleged only against the County of Saline, Arkansas and its Sheriff, Rodney Wright. Plaintiff does <u>not</u> allege Count Five against Aventiv.

## <u>GOVERNING LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) bars the litigation of actions that "are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

An "important mechanism for weeding out meritless claims [is a] motion to dismiss for failure to state a claim." *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471 (2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 50). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 934 (8th Cir. 2012) ("A gallimaufry of labels, [legal] conclusions, formulaic recitations, naked assertions and the like will not pass muster.") (citing *Twombly*, 550 U.S. at 555-57).

In evaluating a motion to dismiss, a district court should employ a two-pronged approach. First, the court should identify and set aside "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, the court should assume the veracity of the plaintiff's "well-pleaded factual allegations . . . and then determine whether they plausibly give rise to an entitlement for relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the factual allegations "do not permit the court to infer more than the mere possibility of

misconduct," then the complaint fails to show a plausible claim for relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

The court should dismiss a complaint if the plaintiff has failed to "nudge[] [his] claims" of unlawful conduct "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Put another way, "if the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then the complaint fails to "show[] that the pleader is entitled to relief" under Rule 8(a)(2) and must be dismissed. *Iqbal*, 556 U.S. at 679. Likewise, a court should dismiss when, based on the plaintiff's own allegations, he has no cognizable claims.

The liberal construction of *pro se* pleadings does not alter these fundamental pleading standards. *See, e.g., Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions."); *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981) (noting that even the complaint of a *pro se* litigant "must contain something more than mere conclusory statements that are unsupported by specific facts").

## **ARGUMENT**

I.   **The SAC's Constitutional Claims (Counts 1-4) Fail As a Matter of Law Against Aventiv and Should Be Dismissed with Prejudice.**

   A.   *The Court should dismiss Counts 1-4 because they do not provide a private right of action against Aventiv.*

"As a general rule, plaintiffs may bring private causes of action under section 1983 for violations of federal statutes" against state actors, not private parties. *Howe v. Ellenbecker*, 8 F.3d 1258, 1261 (8th Cir. 1993) (citing *Maine v. Thiboutot*, 448 U.S. 1, 8 (1980); *see also Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019) ("[s]ection 1983 provides a mechanism by which aggrieved plaintiffs may sue a state actor for violation of their constitutional rights").

The SAC begins by stating generally that "[t]his Civil Rights action is brought pursuant to 42 U.S.C. § 1983" but does not actually plead any claims against Aventiv for violating section 1983. *See* Doc. 41 ¶¶ 41-48. Lacking even an allegation that Aventiv somehow violated section 1983, Counts 1-4 for purported violations of the First, Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution are baseless and should be dismissed.

**B.   *The Court should dismiss Counts 1-4 because Aventiv is Not a State Actor.***

In the event the Court elects to construe Counts 1-4 as alleged violations of section 1983, which Aventiv respectfully submits it should not, the claims are still fatally deficient.

To state a viable section 1983 claim against Aventiv, Plaintiff must allege: (1) the violation of a right secured by the Constitution or created by federal statute, (2) proximately caused by Aventiv's conduct, (3) while Aventiv was acting under color of state law. *Cook v. City of Bella Villa*, 582 F.3d 840, 848-49 (8th Cir. 2009); *see* 42 U.S.C. § 1983. Although the Court should reject Plaintiff's section 1983 claim against Aventiv for lack of even one of these required elements, this case lacks all three.

As a preliminary matter, Aventv cannot be liable under section 1983 because the statute governs only the conduct of state actors. *Carlson v. Roetzel & Andress*, 552 F. 3d 648, 650 (8th Cir. 2008); *see also American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful'"). The parties agree that Aventiv is a private company, not a governmental entity. Doc. 41 [SAC] ¶ 10. Thus, to state a cognizable section 1983 claim against Aventiv, Plaintiff must allege facts showing that Aventiv's private conduct is nevertheless "attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Acts by a private entity may amount to state action only if the challenged conduct by the private entity (1) has been both a "traditional and exclusive public function" and the private entity (2) is "entwined" with the government, (3) is subject to governmental coercion or encouragement, or (4) is willingly engaged in joint action with the government. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 & 309 (2001). Plaintiff's statement that Aventiv "was acting under the color of State law" is nothing more than a conclusory allegation, which cannot support his section 1983 claims against Aventiv. Doc. No. 41 [SAC] ¶ 13; *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

"The public function test covers only a narrow band of private action because '[w]hile many functions have been traditionally performed by governments, very few have been "exclusively reserved by the State."' *Tulp v. Educ. Comm'n for Foreign Med. Graduates*, 376 F. Supp. 3d 531, 541 (E.D. Pa. 2019) (quoting *Flagg Bros. v. Brooks*, 436 U.S. 149, 158 (1978)). Conducting "investigation[s] . . . are not functions 'traditionally exclusively reserved to the State.'" *Tulp*, 376 F. Supp. 3d at 541 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). "Nor is the provision of telephone services a 'traditional public function' [reserved to] the state." *Brooks v. SecurusTech.net*, No. 13-CV-4646, 2014 U.S. Dist. LEXIS 23003, at *17 (E.D.N.Y. Feb. 24, 2014) (citing *Iswed v. Caruso*, No. 1:08-cv-1118, 2009 U.S. Dist. LEXIS 110158, at *9 (W.D. Mich. Nov. 24, 2009). As such, Plaintiff has not satisfied the first test.

The second test is satisfied where a government entity "remains entwined in the management or control of the" private actor. *Evans v. Newton*, 382 U.S. 296, 301, 86 S. Ct. 486, 489 (1966). There is no allegation that SCDC managed or controlled Aventiv, an alleged national telecommunications company, in any way. Doc. 41 [SAC] ¶ 10. Therefore, Plaintiff's allegations in the SAC do not satisfy the second test.

Under the third test of governmental coercion or encouragement, "the fact that telephone companies are subject to substantial governmental regulation does not convert their actions into that of the state." *Iswed*, 2009 U.S. Dist. LEXIS 110158, at *9 (citing *Jackson*, 419 U.S. at 350). Further, Plaintiff does not allege that SCDC coerced or encouraged the alleged recording of his attorney-client privileged calls. Plaintiff, therefore, has not satisfied the third test.

Lastly, joint action with the government requires "willful" participation demonstrated by specific facts showing both an agreement and concerted, deliberate action. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 196 (3d Cir. 2005); *see also Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss"). Aventiv's mere agreement to provide calling services to SCDC and record and monitor incarcerated individuals' calls pursuant to contract is insufficient to transform it into a state actor. Rather, the Eighth Circuit and Supreme Court have each held that for a "willful participation" claim to survive, the showing needed is that the private entity agreed to participate in the specific state actions that violated the rights. Stated differently, Plaintiff would have to allege that Aventiv and SCDC "reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005); *see also Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001) ("to be considered [a] state actor, a private party must have reached an understanding' with state officials to deny civil rights," citing *Adickes*, 398 U.S. at 152); *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999) ("[t]he key inquiry is whether the private party was a willful participant in the corrupt conspiracy"). The Second Amended Complaint lacks any allegation that Aventiv even knew it recorded any of Plaintiff's attorney-client privileged calls, foreclosing any possibility that the alleged recording was the product of a conscious agreement between Aventiv and SCDC.

In sum, this case is on all fours with, and should be treated the same as, *Evans v. Skolink*, which dismissed an incarcerated individual's section 1983 claim against calling service providers that "'were contracted by the NDOC . . . to maintain and operate' the telephone system" that prison officials used to "improperly monitor[] attorney-client privileged calls in violation of constitutional and federal statutory rights." *Evans v. Skolnik*, No. 3:08-cv-00353-RCJ-VPC, 2009 U.S. Dist. LEXIS 104430, at *4, (D. Nev. Oct. 2, 2009), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 104427, at *2 (D. Nev. Nov. 5, 2009), *aff'd*, 637 F. App'x 285, 287 (9th Cir. 2015).

### C.   The Court should dismiss Counts 1-4 because Plaintiff does not claim that Aventiv Promulgated Unconstitutional Policies.

Plaintiff specifically does not allege *Monell* liability against Aventiv. Instead, he reserves his *Monell* claim only for Defendants County and Sheriff Wright. Doc. 41 [SAC] ¶ 46. While the lack of a *Monell* claim is fatal to Counts 1-4 against Aventiv, even if Plaintiff had pled *Monell* liability against Aventiv, Counts 1-4 still would be fatally defective.

Under the *Monell* doctrine, section 1983 does not allow vicarious liability; an organization is not liable for the isolated unconstitutional acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Eighth Circuit has held that this principle applies with equal force to private companies: "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell*, 436 U.S. at 690). "[T]o prove a policy, custom or action, [plaintiffs] must show a continuing, widespread, persistent pattern of unconstitutional misconduct by . . . employees; deliberate indifference to or tacit authorization of such conduct by [the company's] policymaking officials after notice to the officials of that misconduct; and . . . that the custom was the moving force behind the constitutional violation." *Crumpley-Patterson v. Trinity Lutheran*

*Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004). At the pleading stage, Plaintiff must at least "allege facts which would support the existence of an unconstitutional policy or custom." *Id.* at 591.

The Second Amended Complaint is, of course, devoid of such allegations. Plaintiff states that "a very large number of inmates incarcerated at the SCDC have made attorney-client privileged telephone calls [that have been] unlawfully recorded by Aventiv" but supports this conclusion with zero facts or specificity. Doc. 41 [SAC] ¶ 31. He fails to identify any instances where other incarcerated individuals' attorney-client privileged calls were recorded, and he does not even allege having spoken to anyone else who claims it happened to them. Plaintiff also fails to allege that Aventiv knew that certain of the calls it recorded were with his attorneys, yet "deliberate indifference to or tacit authorization of such conduct" is a prerequisite to stating a section 1983 claim against an organization. *Crumpley-Patterson*, 388 F.3d at 590-91. Aventiv could have done neither of these things without first knowing that calls to attorneys were being recorded.

> **D.**     **The Court should dismiss Counts 1-4 because the Attorney-Client Privilege Is Not a Constitutional Right that can support a Section 1983 Claim.**

Plaintiff's core allegation underpinning each of his claims is that Aventiv violated his attorney-client privilege. "'Standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right.'" *Horacek v. Seaman*, No. 2:08-CV-10866, 2009 U.S. Dist. LEXIS 82451, at *29 (E.D. Mich. Aug. 20, 2009) (quoting *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir. 1985), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 82374 (E.D. Mich., Sept. 10, 2009). As the Supreme Court has recently clarified, rights that are not secured by the Constitution cannot be pursued under section 1983. *Vega v. Tekoh*, 597 U.S. ___ (2022) (reversing Ninth Circuit decision holding that "an un-*Mirandized* statement provided a valid basis for a § 1983 claim" because "a violation of *Miranda* does not necessarily constitute a

violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of [a] right . . . secured by the Constitution.' 42 U.S.C. § 1983"); *see also Simpson v. Anthony's Funeral Home,* No. 3:07-cv-00064 JMM, 2007 U.S. Dist. LEXIS 40940, at *6 (E.D. Ark. June 5, 2007) ("where there is no constitutional violation, there is no basis for a § 1983 claim") (Moody, J.) (citing *Med. Laundry Serv. v. Bd. of Tr. of Univ. of Alabama*, 906 F.2d 571, 573 (11th Cir. 1990). Accordingly, Plaintiff's allegation that Aventiv violated his attorney-client privilege, on its own, is insufficient to state a section 1983 claim.

### E.   Count 3 Fails as a Matter of Law.

"A defendant establishes a Sixth Amendment violation if (1) 'the government *knowingly* intruded into the attorney-client relationship,' and (2) 'the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice.'" *United States v. Sawatzky*, 994 F.3d 919, 923 (8th Cir. 2021) (emphasis added) (quoting *U.S. v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986)).

The Second Amended Complaint contains no statement alleging that Aventiv knew any of Plaintiff's calls were to his attorneys retained following indictment when his Sixth Amendment right to counsel attached. On these grounds, it is facially implausible that Aventiv abridged his right to counsel. *See United States v. Tyerman*, 701 F.3d 552, 559 (8th Cir. 2012) (affirming district court's dismissal of plaintiff's Sixth Amendment claim, in part, because of plaintiff's "admission of no deliberate government intrusion"); *see also Chrisman*, 2021 U.S. Dist. LEXIS 82246, at *10 (W.D. Mo. Apr. 2, 2021) (recommending dismissal of plaintiff's Sixth Amendment claim, in part, because "[d]efendant [] failed to provide any facts demonstrating the Government made a *knowing* intrusion into an attorney-client relationship") (emphasis in original).

### F.   Counts 1 and 4 Fail As a Matter of Law.

Plaintiff provides no independent factual basis for his First and Fourteenth Amendment claims; they are identical in sum and substance to his Sixth Amendment claim. Plaintiff does not

allege that any of his speech was chilled in violation of his First Amendment rights, nor does he allege that he was prevented from bringing any lawsuit in violation of his Fourteenth Amendment rights. Both of these claims are based entirely on the alleged violation of Plaintiff's attorney-client privilege with prejudicial effect on his criminal case. Doc. 41 [SAC] ¶¶ 42 and 45. When "consider[ing] prisoners' communications with their attorneys 'under various constitutional principles, including the First Amendment right to freedom of speech and the Fourteenth Amendment rights to due process and access to the courts,' [courts have] adopted the rule that prisoner-attorney communications relating to the prisoner's criminal case are 'within the scope of the Sixth Amendment right to counsel.'" *Evans v. Skolnik*, 997 F.3d 1060, 1070 (9th Cir. 2021) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th Cir. 2014) (declining to "consider whether [the incarcerated plaintiff] also states claims for infringement of his rights to free speech and/or access to the courts" because "[h]is claims . . . fall squarely within the scope of the Sixth Amendment right to counsel")). For this reason, Plaintiff has not stated independent claims for violation of his First or Fourteenth Amendment rights, and these claims should therefore be dismissed.

As with each of his other claims, Plaintiff alleges in Count 4 that Aventiv violated his right of access to the courts under the Fourteenth Amendment by recording, monitoring, and distributing his attorney-client privileged calls, prejudicing his criminal case. Doc. 41 [SAC] ¶ 45. "To state a viable access to the court claim, a prisoner must plead facts suggesting (1) 'the state has not provided an opportunity to litigate a claim,' which (2) 'resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'" *Wood v. Burns*, No. 5:19-cv-00228-DPM-JJV, 2019 U.S. Dist. LEXIS 172504, at *5 (E.D. Ark. Aug. 28, 2019) (quoting *Holt v. Howard*, 806 F.3d 1129, 1133 (8th Cir. 2015)), *report and recommendation*

*adopted*, 2019 U.S. Dist. LEXIS 164186 (E.D. Ark. Sep. 25, 2019). "Actual injury" can only be shown by 'demonstrat[ing] that the alleged shortcomings' in prison resources 'hindered [the plaintiff's] efforts to pursue a legal claim.'" *Bear v. Fayram*, 650 F.3d 1120, 1123 (8th Cir. 2011) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Moreover, "[r]epresentation by counsel satisfies the right of access to the courts." *Dillon v. Moore*, No. 3:18-CV-03063, 2019 U.S. Dist. LEXIS 63687, at *10 (W.D. Ark. Apr. 11, 2019) (citing *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977)).

The record in Plaintiff's criminal case simply prevents him from establishing the facts required for this claim. First, Plaintiff enjoyed the representation of counsel throughout his criminal case and therefore cannot win on this claim. *See* Aventiv's Request for Judicial Notice ¶ 1. Furthermore, he has had unmitigated access to the courts, as demonstrated by his numerous filings, including an appeal of his additional supervised release terms and a motion to vacate his sentence based on the same recording and monitoring of his attorney-client privileged calls he has alleged in this action. *Id*. (*see* Docs. 162 and 193). Indeed, the motion to vacate is still pending while the Eastern District of Arkansas awaits the Government's response. *Id*. (*see* Doc. 199). For the foregoing reasons, this claim necessarily fails.

## II.   Plaintiff's Constitutional Claims (Counts 1-4) and Wiretap Act Claim (Count 6) Are Barred by the *Heck* Doctrine.

The Court should dismiss Plaintiff's constitutional and Wiretap Act claims against Aventiv because they are barred by the Supreme Court of the United States' ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87. "[T]he *Heck* rule is applicable whenever success on a claim—no matter how characterized by the plaintiff—would necessarily imply that his conviction is invalid." *Horacek*, 2009 U.S. Dist. LEXIS 82451, at *32, *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 82374. Accordingly, in addition to Plaintiff's constitutional claims, *Heck* also bars the Wiretap Act claim because he is attempting to challenge his underlying conviction.

The allegations in the SAC place Plaintiff's claims squarely within *Heck*'s prohibitions, requiring their dismissal. The crux of these allegations is that Aventiv and the other defendants recorded Plaintiff's attorney-client telephone calls and then provided those recordings to state and federal prosecutors without a valid warrant or court order to do so. Doc. 41 [SAC] ¶ 31. Plaintiff characterizes the injury he suffered from that alleged conduct as follows: the alleged acts "did harm the Plaintiffs and prejudiced their defenses in their criminal cases against them, and final out-comes of those cases." *Id.*, ¶ 32. Stated differently, Plaintiff alleges the purported recording of his attorney telephone calls ultimately led to the conviction for which he is currently incarcerated. *Heck*, however, bars Plaintiff from proceeding on any such claim until he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. None of those events have occurred in Plaintiff's criminal case.

Courts have barred similar lawsuits for monetary damages brought by incarcerated individuals alleging the improper recording of their attorney-client telephone calls under the *Heck*

doctrine. For example, in *Wing v. McGinty*, the district court granted a motion to dismiss an incarcerated plaintiff's complaint that alleged his constitutional rights were violated when jail staff recorded and listened to portions of his confidential conversations with his attorneys that ultimately played a role in his subsequent conviction under *Heck* because allowing the incarcerated individual to proceed on the claim would "effectively make a ruling that Plaintiff's right to counsel at trial was violated, thus implying the trial itself was unfair." No. 3:18-CV-05011, 2018 U.S. Dist. LEXIS 197943, at *7–8 (W.D. Wash. Oct. 9, 2018), *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 197036 (W.D. Wash. Nov. 19, 2018); *see also Miller v. Davidson*, No. 4:21-CV-3092, 2021 U.S. Dist. LEXIS 172543, at *9–12 (D. Neb. Sept. 10, 2021) (granting jail defendants' motion to dismiss constitutional claims related to the alleged improper recording of attorney-client telephone calls because "any claim that Plaintiff pleaded guilty to the criminal charges because of Defendants' alleged interference with the attorney-client relationship is *Heck*-barred."); *Whitenight v. Elbel*, No. 2:16-CV-00552, 2017 U.S. Dist. LEXIS 55234, at *16–17 (W.D. Pa. Apr. 10, 2017); *report and recommendation adopted,* 2017 U.S. Dist. LEXIS 76659 (W.D. Pa. May 19, 2017) (granting jail defendants' motion to dismiss incarcerated individual's claims under the First, Sixth, and Fourteenth Amendments arising from alleged recordings of incarcerated individual's telephone conversations with his attorney because those claims "go to the core of Plaintiff's convictions and thus, are barred under *Heck*").

Plaintiff seeks millions of dollars in monetary damages for alleged violations of his constitutional rights that he contends prejudiced his ability to defend against criminal prosecution, ultimately resulting in his conviction. Doc. 41 [SAC] ¶¶ 32, 50–54. Plaintiff's claims, therefore, "go to the core of [his] conviction" and, as a result, are barred under *Heck*. The Court should therefore grant Aventiv's motion and dismiss Plaintiff's constitutional claims.

III.     **The Wiretap Act Claim (Count 6) Fails As a Matter of Law**

Plaintiff's claim for violation of the Wiretap Act, 18 U.S.C. § 2510 *et seq.*, is deficient for

numerous reasons. Among other things, civil liability demands that "the unlawful interception

must have been intentional." *In re Pharmatrak, Inc. Privacy Litig.*, 292 F. Supp. 2d 263, 266 (D.

Mass. 2003) (citing 18 U.S.C. § 2511(1)(a)); *see also In re Pharmatrak, Inc. Privacy Litig.,* 329

F.3d 9, 18 (1st Cir. 2003) ("inadvertent interceptions are not a basis for criminal or civil liability").

When the Senate Judiciary Committee recommended the passage of the Electronic

Communications and Privacy Act of 1986 ("ECPA"), which amended the Wiretap Act to require

"intentional" rather than "willful" conduct, it explained as follows:

> [T]he term "intentional" [in this context] is narrower than the dictionary definition
> of "intentional." "Intentional" means more than that one voluntarily engaged in
> conduct or caused a result. *Such conduct or the causing of the result must have been
> the person's conscious objective. . . .* The "intentional" state of mind is applicable
> only to conduct and results. Since one has no control over the existence of
> circumstances, one cannot "intend" them.

S. Rep. No. 99-541, at 23 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3577 (emphasis added);

*see also In re Pharmatrak, Inc. Privacy Litig*, 329 F.3d at 23; *United States v. Townsend*, 987 F.2d

927, 930 (2d Cir. 1993); *Butera & Andrews v. IBM Corp.*, 456 F. Supp. 2d 104, 110 (D.D.C. 2006).

An allegation tantamount to averring that a defendant "'should have known' . . . is not sufficient

to adequately establish the intent necessary to find a [Wiretap Act] violation." *In re HIPAA

Subpoena (Patient Servs.),* 961 F.3d 59, 66 (1st Cir. 2020).

Plaintiff fails to assert that Aventiv intentionally recorded his calls with his attorneys. He

does not even allege that Aventiv knew they were calls with attorneys. A bare allegation that

Aventiv generally recorded Plaintiff's calls and, unbeknownst to Aventiv, some calls happened to

be between Plaintiff and his attorneys will not suffice. Rather, to state a claim, Plaintiff must

plausibly allege that it was Aventiv's "conscious objective" to record and distribute privileged

calls. *In re Pharmatrak*, 329 F.3d at 23; *see also, e.g., Pratt v. Securus Techs.*, No. 1:20-cv-00295-JDL, 2021 U.S. Dist. LEXIS 82661 (D. Me. Apr. 30, 2021) (dismissing federal Wiretap Act claim "[b]ecause the Complaint does not plausibly allege that Securus's 'conscious objective' was to record attorney-client calls"); *Evans*, 2009 U.S. Dist. LEXIS 104430, at *13-16 (dismissing Wiretap Act claim premised on conclusory allegations that defendants "intentionally" intercepted his attorney-client telephone calls), r*eport and recommendation adopted*, 2009 U.S. Dist. LEXIS 104427, at *2, *aff'd* 637 F. App'x 285; *Butera & Andrews v. IBM Corp.*, No. 1:06-CV-647 (RBW), 2006 U.S. Dist. LEXIS 75318, at *14 (D.D.C. Oct. 18, 2006) (dismissing case lacking allegations that defendant's interception of plaintiff's electronic communications was intentional); *cf. Greenfield v. Kootenai* County, 752 F.2d 1387 (9th Cir. 1985) (holding routine recordings of incoming calls was not a violation of federal wiretap laws).[4]

Independently, Plaintiff alleges no facts to plausibly suggest that Aventiv did anything outside the ordinary scope of its business by passively recording calls made on jailhouse phones. The Wiretap Act provides that "it shall not be unlawful for an . . . electronic communications service . . . to intercept, disclose, or use that communication in the normal course of its employment while engaged in any activity which is a necessary incident to the rendition of its service." 18 U.S.C. §2511(2)(a)(ii). Devoid of allegations that Aventiv took any actions outside its "normal course of employment" as a calling service contractor for SCDC that were not "necessary incidents to the rendition of its service," the Wiretap Act claim, again, fails.

---

[4] Focusing on the alleged interception or distribution of the recorded calls rather than the making of recordings makes no legal difference. "[A] person has not committed a disclosure or use violation under [the Wiretap Act] unless s/he 'knew or had reason to know that the interception itself was in violation of [the Wiretap Act].'" *Williams v. Poulos*, 11 F.3d 271, 284 (1st Cir. 1993) (quoting *United States v. Wuliger*, 981 F.2d 1497, 1501 (10th Cir. 1992)) (alterations added). The complaint does not plausibly allege facts to support these requirements.

Furthermore, the Wiretap Act provides an exception to liability for equipment being used by "an investigative or law enforcement officer in the ordinary course of his duties."[5] 18 U.S.C. § 2510(5)(a)(ii). The "routine and almost universal recording of phone lines by police departments and prisons, as well as other law enforcement institutions, is exempt from the statute" for precisely this reason. *Adams v. City of Battle Creek*, 250 F.3d 980, 984 (6th Cir. 2001). This exception extends to private persons "operating under a contract with the Government, acting under the supervision of an investigative or law enforcement officer authorized to conduct the interception." 18 U.S.C. § 2518(5); *see, e.g., United States v. Rivera*, 292 F. Supp. 2d 838, 843 (E.D. Va. 2003); *see also, e.g., Randolph v. Nev. ex rel. Nev. Dep't of Corr.*, 3:13-cv-148-RCJ-WGC, 2013 U.S. Dist. LEXIS 154935, at **15-16, 2013 WL 5818894 (D. Nev. Oct. 29, 2013) (granting prison telephone contractor's motion to dismiss with prejudice despite recording attorney-client privileged calls because of the law enforcement exception).

## IV.   The Court should dismiss Plaintiff's state-law claim (Count 7) for Invasion of Privacy.

### A.   *The Court should decline to exercise supplemental jurisdiction over Hurdsman's single state-law claim.*

"A federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (citing 28 U.S.C. §§ 1367(a),(c)). A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Id.* (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009)). On appeal, a district court's decision to exercise supplemental jurisdiction over remaining state-law claims is

---

[5] Liability under Title III of the ECPA requires interception "through the use of any electronic, mechanical, or other device." 18 U.S.C. §§ 2510(4), 2511(1). Law enforcement officers operating in the ordinary course of their duties are not using a "device" for purposes of the ECPA. *Id.*

reviewed for an abuse of discretion. *Id.*; *see also Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 743 (8th Cir. 2009) ("We review the district court's decision not to exercise supplemental jurisdiction over the remaining state-law claims for an abuse of discretion."). "In the Eighth Circuit, the preference is for a court to decline to exercise supplemental jurisdiction when all federal claims have been eliminated before trial." *McMullen v. Bethell*, No. 6:18-CV-6126, 2019 U.S. Dist. LEXIS 205981, at *8 (W.D. Ark. Nov. 27, 2019); *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").

As discussed above, the Court should dismiss Plaintiff's federal-law claims. The only claim that would then remain is his single state-law claim for intrusion upon seclusion. SAC at ¶ 48. The Court should decline to exercise supplemental jurisdiction over this claim. *See McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) ("when a district court has dismissed every federal claim, . . . judicial economy, convenience, fairness, and comity will usually point toward declining to exercise jurisdiction over the remaining state-law claims."). Federal courts in Arkansas frequently decline to exercise supplemental jurisdiction over remaining state-law claims asserted by *pro se* inmates following dismissal of their federal claims. *See, e.g., McMullen*, 2019 U.S. Dist. LEXIS 205981, at *8; *Pitts v. Payne*, No. 4:21-CV-00936, 2021 U.S. Dist. LEXIS 249587, at *9–10 (E.D. Ark. Dec. 1, 2021); *Stiff v. Morehead*, No. 5:09-CV-0092, 2010 U.S. Dist. LEXIS 142229, at *20 (E.D. Ark. Dec. 21, 2010).

### B.      *If the Court reaches the claim, the claim should be dismissed.*

If the Court is inclined to consider Plaintiff's state-law privacy claim, it should still dismiss the claim. Plaintiff asserts a state-law claim for intrusion upon seclusion. SAC at ¶ 48. Arkansas

recognizes intrusion as one of four actionable forms of invasion of privacy. *Duggar v. City of Springdale*, 2020 Ark. App. 220, at 12, 599 S.W.3d 672, 683. "To prove intrusion upon seclusion, a plaintiff must establish (1) that the plaintiff sustained damages; (2) that the defendant intentionally intruded physically or otherwise upon plaintiff's solitude or seclusion and believed or was substantially certain that the defendant lacked the necessary legal authority or personal permission, invitation, or valid consent to commit the intrusive act; (3) that the intrusion was of a kind that would be highly offensive to a reasonable person, as the result of conduct to which a reasonable person would strongly object; (4) that the plaintiff conducted himself or herself in a manner consistent with an actual expectation of privacy; and (5) that the defendant's intrusion was the proximate cause of the plaintiff's damages." *Id.*

The statute of limitations to bring an intrusion-upon-seclusion claim is three (3) years. *See Dunlap v. McCarty*, 284 Ark. 5, 10, 678 S.W.2d 361, 364 (1984) (discussing the four (4) different privacy torts recognized by the Arkansas Supreme Court and indicating intrusion upon seclusion claims are subject to a three (3) year limitations period); *see also* Ark. Code Ann. § 16-56-105. The statute of limitations begins to run when there is a complete and present cause of action, and, in the absence of concealment of the wrong, when the injury occurs, not when it is discovered. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 935 S.W.2d 258 (1996).

The Court should dismiss Plaintiff's intrusion upon seclusion claim. First, the claim is barred by the three (3) year statute of limitations. The events at issue in the Second Amended Complaint all occurred between October 21, 2014, and April 27, 2015. SAC ¶ 21. Plaintiff did not initiate this action under March 10, 2022 (Doc. 1) and did not name Aventiv as a defendant until July 18, 2022. Doc. 41 [SAC]. Plaintiff does not allege the intrusion was concealed from him such that the statute of limitations could be tolled, but instead that his counsel had copies of the

recordings and Plaintiff received them in the beginning of 2021. Doc 41 [SAC] ¶ 36. Plaintiff's state-law claim, therefore, is plainly barred by the statute of limitations.

Further, the Court should dismiss this claim because Plaintiff has not plausibly alleged the purported recordings were the proximate cause of his damages. Proximate cause is "that which in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred." *Craig v. Traylor*, 323 Ark. 363, 370, 915 S.W.2d 257, 260 (1996) (quoting *Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 796, 888 S.W.2d 303, 305 (1994)). Here, Plaintiff alleges the recordings prejudiced his ability to defend against the criminal case brought against him, but he does not allege that, without the recordings, the outcome of his criminal proceeding would have been any different. Indeed, Plaintiff does not allege the recordings were introduced into evidence or otherwise actually used against him in the criminal proceeding. Instead, the Court can reasonably infer Plaintiff was convicted of the crime for which he is incarcerated based on the evidence presented during the prosecution, not based on an unidentified number of alleged recordings of his conversations with counsel. Therefore, the Court should dismiss Plaintiff's state-law privacy claim.

V.    **All of Plaintiff's Claims Against Aventiv (Counts 1-4, 6 & 7) Are Time-Barred and Should be Dismissed**

As explained above, all of the events in the SAC occurred on or before April 27, 2015 (Doc. 41 [SAC] ¶ 21), but Plaintiff did not file suit against Aventiv until July 18, 2022. Doc. 41 [SAC]. Plaintiff does not allege that the purported attorney call recordings were concealed from him such that the statute of limitations could be tolled, but instead that his counsel had copies of the recordings and Plaintiff received them in the beginning of 2021. Doc. 41 [SAC] ¶ 36. "[U]nder 'our system of representative litigation, . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the

attorney.'" *Arkansas Oil & Gas, Inc. v. Commissioner*, 114 F.3d 795, 799 (8th Cir. 1997) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 397 (1993)). Accordingly, Plaintiff was on inquiry notice of the alleged call recordings at the same time as his attorneys; any delay between Plaintiff's attorneys' being on inquiry notice of the recordings and their provision of the same to him cannot toll the statute of limitations. Accordingly, Counts 1-4 are clearly time barred by three (3) year statute of limitations applicable to section 1983 claims. *See e.g.,* Ark. Code Ann. § 16-56-105; *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 519 F.3d 466, 474 (8th Cir. 2008) (finding that Arkansas' three-year statute of limitations for personal injury actions applies to section 1983 claims). Likewise, Count 6 is time barred by the Federal Wiretap Act's two (2) year statute of limitations. *See e.g.,* 18 U.S.C. § 2520(e); *see also Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990) (affirming summary judgment decision dismissing Wiretap Act claim as barred by the statute of limitations because "the cause of action accrues when the claimant has a reasonable opportunity to discover the violation, not when she discovers the true identity of the violator or all of the violators"). And, as previously explained, Count 7 also is time-barred. See *infra* at 21-22.

**CONCLUSION**

For the aforementioned reasons, Counts 1-4, 6 and 7 of Plaintiffs' SAC against Aventiv should be dismissed.

Respectfully submitted,

By:   /s/ Jerry D. Garner
     Jerry D. Garner, Ark. Bar No. 2014134
     BARBER LAW FIRM PLLC
     425 West Capitol Avenue, Suite 3400
     Little Rock, Arkansas 72201
     Telephone: (501) 372-6175
     jgarner@barberlawfirm.com

     -And-

     Gabriel Colwell, CA Bar No. 216783
     *Pro Hac Vice Application Forthcoming*
     SQUIRE PATTON BOGGS (US) LLP
     555 South Flower Street, Suite 3100
     Los Angeles, California 90071
     Telephone: (213) 689-5126
     gabriel.colwell@squirepb.com

     ***Attorneys for Defendant***
     ***Aventiv Technologies, LLC***

## <u>CERTIFICATE OF SERVICE</u>

       I, Jerry Garner, hereby certify that on August 22, 2022, a copy of the foregoing document was mailed by U.S. Postal Service to the following:

Rodney A. Hurdsman, #02170782
Robertson Unit, TDCJ-CID
12071 F.M. 3522
Abilene, Texas 79601


                    */s/ Jerry Garner*
                    Jerry Garner