IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RODNEY A. HURDSMAN**                                                            **PLAINTIFF**

      **v.**                     **CASE NO. 4:22-CV-00227-JM-JJV**

**AVENTIV d/b/a SECURUS**
**TECHNOLOGIES,** *et al.*                                              **DEFENDANTS**

**DEFENDANT AVENTIV TECHNOLOGIES LLC'S MOTION TO STRIKE
CLASS ALLEGATIONS AND INCORPORATED BRIEF IN SUPPORT**

**INTRODUCTION & STATEMENT OF ALLEGED FACTS**

Defendant Aventiv Technologies LLC ("Aventiv") brings this Motion to Strike Class Allegations pursuant to Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), 23(d)(1)(D), and 23(a)(4) on the grounds that Plaintiff Rodney A. Hurdsman ("Plaintiff"), a non-lawyer, *pro se* incarcerated individual, cannot adequately represent the putative class alleged in the Second Amended Class Action Complaint ("Complaint" or "SAC").

Plaintiff "is currently incarcerated in the Texas Department of Criminal Justice." Doc. 41 (*Compl.*) ¶ 8. He brings this action, without the representation of counsel, on behalf of a putative class of "every person whom [sic] was a party to a telephone conversation between a person in custody at the SCDC, and that persons [sic] attorney and the attorneys themselves, on a number designated or requested to not be recorded because of attorney-client privilege, but which the named Defendants within this suit unlawfully recorded, eavesdropped, and in some cases diseminated, [sic] unlawfully, from the date of October 21, 2014, up and to the present ongoing date." *Id.* ¶ 19.

Plaintiff's class allegations in the operative Complaint are essentially the same as those this Court previously struck for failure to follow the Local Rules and because "*pro se* litigants such as Plaintiff are not authorized to represent the rights, claims, and interest of other parties in any cause of action, including a class action lawsuit". Doc. 3. For those same reasons, and as explained more fully below, the Court should strike the SAC's class allegations.

## ARGUMENT

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)). "To come within the exception, a party seeking to maintain a class action 'must affirmatively demonstrate his compliance' with Rule 23." *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "Rule 23 governs class certification and states that '[t]o be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a).'" *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016) (quoting Fed. R. Civ. Proc. 23). Those requirements are "numerosity of plaintiffs, commonality of legal or factual questions, typicality of the named plaintiff's claims or defenses, and adequacy of representation by class counsel." *Id.*; *see also* Fed. R. Civ. Proc. 23(a). "An action may be maintained as a class action only when *all* of the prerequisites of subdivision (a) are satisfied. Plaintiff has the burden of showing that the claimed class should be certified and that the requirements set forth above are met." *Criswell v. Wright*, No. 4:21-cv-00537-JM-PSH, 2021 U.S. Dist. LEXIS 140402, at *1 (E.D. Ark. July 28, 2021); *see Ebert v. General Mills, Inc.*, 823 F.3d 472 (8th Cir. 2016).

This Court previously denied Plaintiff's request for class certification on the following grounds:

> In his Complaint, Plaintiff also requests class certification. That request is denied for three reasons. First, Local Rule 23.1(3) says class certification must be brought in a separate motion with an accompanying brief Second, *pro se* litigants such as Plaintiff are not authorized to represent the rights, claims, and interests of other parties in any cause of action, including a class action lawsuit. *See Fymbo v. State Farm Fire and Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Knoefler v. United Bank of Bismarck,* 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity"). Third and finally, no lawyer has sought permission to bring the claims on a class basis pursuant to Fed. R. Civ. P. 23(g). Thus, Plaintiff's imbedded request for class certification is denied.

Doc. 3.

Plaintiff has not cured the defects previously noted by the Court. First, he has again failed to file a motion seeking class certification as required by Local Rule 23.1(3). Second, he remains a *pro se* litigant, and therefore is precluded from representing the putative class in the Second Amended Complaint. Further, as a *pro se* inmate, Plaintiff has not shown that he can effectively represent the interests of the other putative inmate class members. *See Criswell v. Wright*, No. 4:21-cv-00537-JM-PSH, 2021 U.S. Dist. LEXIS 140402, at *2-3 (E.D. Ark. July 28, 2021) ("Plaintiff has not shown that he can effectively represent the interests of other inmates as a pro se inmate"); *Allnew v. City of Duluth*, 983 F. Supp. 825, 830-31 (D. Minn. 1997) ("Ability to protect the interests of the class depends in part on the quality of counsel, . . . and we consider the competence of a layman representing others to be clearly too limited to risk the rights of others.") (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (internal citations omitted)). Third, Plaintiff is not a lawyer, and no lawyer has sought permission to bring the claims on a class basis pursuant to Fed. R. Civ. P. 23(g).

## **CONCLUSION**

For the foregoing reasons, Aventiv respectfully requests that the Court strike Plaintiff's class allegations from the Second Amended Complaint.

Respectfully submitted,

By: */s/ Jerry D. Garner*
Jerry D. Garner, Ark. Bar No. 2014134
BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
Telephone: (501) 372-6175
jgarner@barberlawfirm.com

-And-

Gabriel Colwell, CA Bar No. 216783
*Pro Hac Vice Application Forthcoming*
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: (213) 689-5126
gabriel.colwell@squirepb.com

***Attorneys for Defendant***
***Aventiv Technologies, LLC***

## CERTIFICATE OF SERVICE

    I, Jerry Garner, hereby certify that on August 22, 2022, a copy of the foregoing document was mailed by U.S. Postal Service to the following:

Rodney A. Hurdsman, #02170782
Robertson Unit, TDCJ-CID
12071 F.M. 3522
Abilene, Texas 79601

                                                  */s/ Jerry Garner*
                                                  Jerry Garner