**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**RODNEY A. HURDSMAN**                                                              **PLAINTIFF**

      **v.**                    **CASE NO. 4:22-CV-00227-JM-JJV**

**AVENTIV d/b/a SECURUS
TECHNOLOGIES,** *et al.*                                                     **DEFENDANTS**

---

**DEFENDANT AVENTIV TECHNOLOGIES, LLC'S PARTIAL
OBJECTION TO PARTIAL RECOMMENDED DISPOSITION [DOC. 62]**

---

Comes now Defendant Aventiv Technologies, LLC, erroneously sued as "Aventiv d/b/a Securus Technologies" and for its Partial Objection to Partial Recommended Disposition, states

## INTRODUCTION & BACKGROUND

This is a *pro se* inmate case alleging violations of the United States Constitution, the federal Wiretap Act, and a state-law invasion of privacy claim. Plaintiff Rodney Hurdsman's Second Amended Complaint alleges that, while he was a pretrial detainee at the Saline County Detention Center, Sheriff Rodney Wright, Saline County, and "Aventiv d/b/a Securus Technologies" violated his rights when they allegedly recorded Mr. Hurdsman's telephone conversations with his attorney and provided them, without a warrant, to federal law enforcement officers. (Docs. 41, 40).

The Second Amended Complaint pleads the following counts: (1) infringement of freedom of speech and association in violation of the First Amendment to the United States Constitution; (2) illegal search and seizure of attorney phone calls in violation of the Fourth Amendment to the United States Constitution; (3) interference with attorney-client communications in violation of the Sixth Amendment to the United States Constitution; (4) interference with access to the courts in violation of the Fourteenth Amendment to the United States Constitution; (5) a *Monell* claim

for an allegedly unlawful policy or practice of recording inmate attorney-client communications;
(6) violation of the Federal Wiretap Act; and (7) state law invasion of privacy claims.

Defendant Aventiv Technologies, LLC moved to dismiss each of Plaintiff's claims.  (Doc.
50).  Plaintiff did not file a response or otherwise oppose Aventiv's Motion.  The Magistrate Judge,
The Honorable Joe J. Volpe (hereafter, "Magistrate Judge"), issued a Partial Recommended
Disposition in which the Magistrate Judge acknowledged it had previously dismissed Plaintiff's
Federal Wiretap Act claim (Count 6) and recommended dismissing Plaintiff's freedom of
association claim (part of Count 1).  (Doc. 62).  The Magistrate Judge recommended denying
Aventiv's Motion as to the other claims.  (*Id.*).  Importantly, the Magistrate Judge summarized
Plaintiff's allegations – and the lack of specificity in the Second Amended Complaint – as follows:

> Plaintiff says Defendants' disclosure of his recorded conversations with counsel
> somehow "prejudiced" or harmed his defense in his criminal cases.  But he does
> not explain how.  As previously stated, it is unclear what conversations were
> recorded, what criminal charges were pending against Plaintiff, how the recordings
> were used against him during those criminal proceedings, whether he entered a plea
> or was found guilty to the criminal charges, and if any of his resulting criminal
> convictions have been invalidated.

(*Id.*, at 17).  Despite noting that the Second Amended Complaint raises more questions about
Plaintiff's allegations than answers, the Magistrate Judge determined Plaintiff had plausibly
alleged the remainder of his claims and has recommended denying Aventiv's Motion as to Counts
1 (freedom of speech), 2, 3, 4, 5, and 7.

Aventiv respectfully submits the Court should adopt the portion of the Partial
Recommended Disposition as to the freedom of association claim in Count 1 and Count 6, but
should reject the remainder of the Partial Recommended Disposition and should grant Aventiv's
Motion and dismiss the remaining claims.  First, Plaintiff's federal claims are barred by the *Heck*
doctrine and should be dismissed.  Moreover, Plaintiff's remaining claims should be dismissed

because the Second Amended Complaint does not plausibly allege a violation of Plaintiff's constitutional rights.

## PARTIAL OBJECTION

Aventiv does not seek to set out each of the arguments raised in its Motion (Doc. 50), but incorporates those arguments and authorities by reference herein.  While Aventiv respectfully requests that the Court consider each of those arguments in ruling on this Partial Objection, Aventiv addresses specific aspects of the Partial Recommended Disposition below.

### A.    *Plaintiff's Constitutional Claims are Barred by* **Heck**

The Court should dismiss Plaintiff's constitutional claims against Aventiv because they are barred by the Supreme Court of the United States' ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87. "[T]he *Heck* rule is applicable whenever success on a claim—no matter how characterized by the plaintiff—would necessarily imply that his conviction is invalid." *Horacek v. Seaman*, No. 2:08-CV-10866, 2009 U.S. Dist. LEXIS 82451, at *32 (E.D. Mich. Aug. 20, 2009), *report and recommendation adopted*, 2009 U.S. Dist. LEXIS 82374. Accordingly, *Heck* bars Plaintiff's Constitutional claim because he is attempting to challenge his underlying conviction.

The allegations in the Second Amended Complaint place Plaintiff's claims squarely within *Heck*'s prohibitions, requiring their dismissal. The crux of these allegations is that Aventiv and the other defendants recorded Plaintiff's attorney-client telephone calls and then provided those recordings to state and federal prosecutors without a valid warrant or court order to do so. (Doc. 41, at ¶ 31). Plaintiff characterizes the injury he suffered from that alleged conduct as follows: the alleged acts "did harm the Plaintiffs and prejudiced their defenses in their criminal cases against them, and final out-comes of those cases." (*Id.*, ¶ 32). Stated differently, Plaintiff alleges the purported recording of his attorney telephone calls ultimately led to the conviction for which he is currently incarcerated and, as a result, he wants monetary damages. *Heck*, however, bars Plaintiff from proceeding on any such claim until he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. None of those events have occurred in Plaintiff's criminal case.

The Partial Recommended Disposition points out that Plaintiff's allegations are so lacking in factual specificity that it cannot determine whether *Heck* applies. (Doc. 62, at 17). Respectfully, Aventiv submits that the lack of factual specificity to support Plaintiff's allegations warrants dismissal of his claims rather than denial due to Plaintiff's failure to specify which of the "final out-comes" of his many criminal convictions were "prejudiced" by the conduct alleged in the Second Amended Complaint. (Doc. 62, at 4.) Taken to its logical conclusion, the Magistrate Judge's recommendation would provide serial felons, such as Plaintiff, an improper advantage over others because they could simply decline to specify the conviction at issue to avoid dismissal under *Heck*. Moreover, the Magistrate Judge's reliance on *Andersen v. Cnty. of Becker*, No. 08-5687, 2009 U.S. Dist. LEXIS 90158, at *10 (D. Minn. Sept. 28, 2009), is misplaced. In *Andersen*,

there was no evidence that anyone heard information related to that inmate's criminal proceedings during the inmate-attorney calls at issue and, as a result, those calls could not have been used against him in his criminal proceedings. *Id*. at \*16 ("It is uncontested that neither Andersen nor Holm attacks the validity of their underlying convictions in this suit.") Accordingly, *Heck* did not apply to the claims in that case.

In contrast, Plaintiff here has alleged some unknown number of his attorney telephone calls were used against him and ultimately contributed to his conviction.  Courts have barred similar lawsuits for monetary damages brought by incarcerated individuals alleging the improper recording of their attorney-client telephone calls under the *Heck* doctrine.  *See, e.g., Miller v. Davidson*, No. 4:21-CV-3092, 2021 U.S. Dist. LEXIS 172543, at \*9–12 (D. Neb. Sept. 10, 2021) (granting jail defendants' motion to dismiss constitutional claims related to the alleged improper recording of attorney-client telephone calls because "any claim that Plaintiff pleaded guilty to the criminal charges because of Defendants' alleged interference with the attorney-client relationship is *Heck*-barred."); *Whitenight v. Elbel*, No. 2:16-CV-00552, 2017 U.S. Dist. LEXIS 55234, at \*16–17 (W.D. Pa. Apr. 10, 2017); *report and recommendation adopted,* 2017 U.S. Dist. LEXIS 76659 (W.D. Pa. May 19, 2017) (granting jail defendants' motion to dismiss incarcerated individual's claims under the First, Sixth, and Fourteenth Amendments arising from alleged recordings of incarcerated individual's telephone conversations with his attorney because those claims "go to the core of Plaintiff's convictions and thus, are barred under *Heck*"); *Wing v. McGinty*, No. 3:18-CV-05011, 2018 U.S. Dist. LEXIS 197943, at \*7–8 (W.D. Wash. Oct. 9, 2018), *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 197036 (W.D. Wash. Nov. 19, 2018) (granting summary judgment on inmate's claim that his constitutional rights were violated when jail staff recorded and listened to portions of his confidential conversation with his attorneys that ultimately

played a role in his subsequent conviction under *Heck* because allowing the incarcerated individual to proceed on the claim would "effectively make a ruling that Plaintiff's right to counsel at trial was violated, thus implying the trial itself was unfair.").

Plaintiff seeks millions of dollars in monetary damages for alleged violations of his constitutional rights that he contends prejudiced his ability to defend against criminal prosecution, ultimately resulting in his conviction. (Doc. 41, at ¶¶ 32, 50–54).  Plaintiff's claims, therefore, "go to the core of [his] conviction" and, as a result, are barred under *Heck*. The Court should therefore grant Aventiv's Motion and dismiss Plaintiff's constitutional claims.

### B.  *Count 1 – First Amendment: Freedom of Speech*

Count 1 of Plaintiff's Second Amended Complaint asserts First Amendment claims related to freedom of association and freedom of speech.  The Magistrate Judge has recommended the freedom of association claim be dismissed, (Doc. 62, at 10–11), but not the freedom of speech claim.  (*Id.*, at 13).  The Court should sustain this Partial Objection, and dismiss Plaintiff's freedom of speech claim against Aventiv, because Plaintiff does not plead any claims against Aventiv for violating 42 U.S.C. § 1983 (Doc. 50, at § I(A)), Aventiv is not a state actor subject to liability under section 1983 (*id.*, at § I(B)), and Plaintiff has not alleged that Aventiv promulgated unconstitutional policies as required to sustain a claim against a non-governmental organization. (*Id.*, at § I(C)).  Aventiv incorporates by reference these sections of its Motion in support of this Partial Objection.

The Court also should dismiss this claim because the allegations in the Second Amended Complaint do not plausibly allege a freedom of speech claim.  To plead a freedom of speech claim, Plaintiff is required to allege that the intrusion into his communications with counsel was Aventiv's custom or practice, rather than an isolated incident.  *Blair-Hanson v. Johnson*, No. 19-

CV-2195, 2020 U.S. Dist. LEXIS 157855, at *10–12 (D. Minn. Aug. 31, 2020). The Second Amended Complaint is, of course, devoid of such allegations. As for his own alleged conversations, Plaintiff simply alleges that "he made several attorney-client privileged telephone calls to his attorneys" and that "Aventiv, Wright and the County, recorded and/or listened to the attorney-client privileged telephone calls and conversations Hurdsman made to his attorneys" using inmate telephones "and the telephone service provider Aventiv." (Doc. 41, at ¶¶ 28–29). As the Magistrate Judge noted, Plaintiff does not provide any facts that identify what conversations were recorded, who was allegedly on the phone, or other basic information about the alleged recordings. Moreover, Plaintiff has not alleged his speech was chilled in any way as a result of the alleged recordings. As such, Plaintiff has not plausibly alleged that *Aventiv* had a custom or practice of intruding into his communications with counsel and the claim should be dismissed.

Likewise, as for Plaintiff's allegations related to the alleged experience of other inmates, Plaintiff states that "a very large number of inmates incarcerated at the SCDC have made attorney-client privileged telephone calls [that have been] unlawfully recorded by Aventiv" but supports this conclusion with zero facts or specificity. (Doc. 41, at ¶ 31). He fails to identify any instances where other incarcerated individuals' attorney-client privileged calls were recorded, and he does not even allege having spoken to anyone else who claims it happened to them. Plaintiff has not, therefore, plausibly alleged a violation of his First Amendment right to freedom of speech and the claim should be dismissed.

### C.    *Count 2 – Fourth Amendment: Search and Seizure*

Count 2 of Plaintiff's Second Amended Complaint attempts to assert a search-and-seizure claim pursuant to the Fourth Amendment. The Magistrate Judge has recommended Aventiv's Motion be denied as to this claim. (Doc. 42, at 15–16). The Court should sustain this Partial

Objection, and dismiss Plaintiff's Fourth Amendment claim against Aventiv, because Plaintiff does not plead any claims against Aventiv for violating 42 U.S.C. § 1983 (Doc. 50, at § I(A)), Aventiv is not a state actor subject to liability under section 1983 (*id.*, at § I(B)), and Plaintiff has not alleged that Aventiv promulgated unconstitutional policies as required to sustain a claim against a non-governmental organization. (*Id.*, at § I(C)). Aventiv incorporates by reference these sections of its Motion in support of this Partial Objection.

In addition, Plaintiff has not plausibly alleged a violation of his Fourth Amendment rights in that he has not provided any factual specificity as to the alleged conversations that were recorded, how the calls were used against him, or how they otherwise may have harmed him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation.").

### D.      Count 3 – Sixth Amendment: Right to Counsel

In Count 3 of the Second Amended Complaint, Plaintiff claims Aventiv violated his Sixth Amendment right to counsel. The Magistrate Judge has recommended Aventiv's Motion be denied as to this claim. (Doc. 42, at 13–15). The Court should sustain this Partial Objection, and dismiss Plaintiff's Sixth Amendment claim against Aventiv, because Plaintiff does not plead any claims against Aventiv for violating 42 U.S.C. § 1983 (Doc. 50, at § I(A)), Aventiv is not a state actor subject to liability under section 1983 (*id.*, at § I(B)), and Plaintiff has not alleged that Aventiv promulgated unconstitutional policies as required to sustain a claim against a non-governmental organization. (*Id.*, at § I(C)). Aventiv incorporates by reference these sections of its Motion in support of this Partial Objection.

In addition, the Court should dismiss this claim because Plaintiff has not plausibly alleged a violation of his Sixth Amendment rights.  "A defendant establishes a Sixth Amendment violation if (1) 'the government *knowingly* intruded into the attorney-client relationship,' and (2) 'the intrusion demonstrably prejudiced the defendant, or created a substantial threat of prejudice.'" *United States v. Sawatzky*, 994 F.3d 919, 923 (8th Cir. 2021) (emphasis added) (quoting *United States v. Singer*, 785 F.2d 228, 234 (8th Cir. 1986)).

The Second Amended Complaint contains no statement alleging that Aventiv knew any of Plaintiff's calls were to his attorneys retained following indictment when his Sixth Amendment right to counsel attached.  On these grounds, it is facially implausible that Aventiv abridged his right to counsel.  *See United States v. Tyerman*, 701 F.3d 552, 559 (8th Cir. 2012) (affirming district court's dismissal of plaintiff's Sixth Amendment claim, in part, because of plaintiff's "admission of no deliberate government intrusion"); *see also United States v. Chrisman*, No. 19-00102-02-CR-W-DGK, 2021 U.S. Dist. LEXIS 82246, at *10 (W.D. Mo. Apr. 2, 2021) (recommending dismissal of plaintiff's Sixth Amendment claim, in part, because "[d]efendant [] failed to provide any facts demonstrating the Government made a *knowing* intrusion into an attorney-client relationship") (emphasis in original).  The Court should dismiss Plaintiff's Sixth Amendment claim.

### E.    *Count 4 – Fourteenth Amendment: Access to the Courts*

Count 4 of Plaintiff's Second Amended Complaint purports to assert a claim for interference with his access to the courts in violation of the Fourteenth Amendment.  The crux of the Partial Recommended Disposition is that "a prisoner's 'right to counsel and due process can also be compromised by a lack of privacy in consultations with counsel,' and it 'is clear that an accused does not enjoy the effective aid of counsel if he is denied the right of private consultation

with him.'"  (Doc. 62, at 12) (quoting *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989)).

Aventiv respectfully submits the Magistrate Judge's reliance on *Johnson-El* is misplaced and does not warrant denial of Aventiv's Motion.  In *Johnson-El*, the inmate-plaintiffs alleged they were required to meet with their counsel in public areas within hearing of other inmates and prison officials.  *Id.* at 1051–52.  Based on those allegations, the Court was concerned that inmates would not be candid with their counsel which could jeopardize their ability to prepare for their criminal trials.  *Id.*  As a result, the Court determined the inmates had plausibly alleged an interference with their access to the courts in violation of the Fourteenth Amendment.

Unlike the plaintiffs in *Johnson-El*, Plaintiff has not alleged that Aventiv's and the other defendants alleged recording of his attorney-client telephone calls prevented him from conferring with his counsel or otherwise assisting in trial preparation.  In fact, Plaintiff alleges he was not even aware of these alleged recordings until years after the calls were made.  Accordingly, the concerns underlying the decision in *Johnson-El* are not implicated here.

Moreover, to establish that Plaintiff was denied access to the courts, he must allege and ultimately prove that he suffered actual prejudice caused by Aventiv.  *See Lewis v. Casey*, 518 U.S. 343, 339 (1996).  And as the Magistrate Judge correctly noted, "Plaintiff says Defendants' disclosure of his recorded conversations with counsel somehow 'prejudiced' or harmed his defense in his criminal cases.  But he does not explain how." (Doc. 62, at 17)  Plaintiff's failure to allege facts – rather than conclusions – as to how he suffered any actual prejudice or was harmed in the defense of his criminal proceedings establishes that Plaintiff has not plausibly alleged an access-to-the-courts claim.  As such, his claim should be dismissed.  *See Robinson v. Gunja*, 92 Fed. App'x 624, 626 (10th Cir. 2004) (affirming district court's dismissal of inmate-plaintiff's *pro se*

complaint alleging prison officials prevented him from having confidential conversations with counsel because the complaint did not allege any facts showing that he suffered actual prejudice); *Fleury v. Collins*, No. 10-CV-01361, 2011 U.S. Dist. LEXIS 48330, at *14–16 (D. Colo. Apr. 14, 2011), *adopted by* 2011 U.S. Dist. LEXIS 48389 (D. Colo. May 5, 2011) (dismissing inmate-plaintiff's access-to-courts claim based upon prison officials allegedly monitoring the inmate's telephone calls with his counsel because the plaintiff "has provided absolutely no explanation of how the alleged supervision and monitoring of his telephone calls to counsel compromised his defense" and, absent any such specific allegations, the inmate-plaintiff had not plausibly alleged actual prejudice).

### F.    Count 5 – Monell *Liability*

The Second Amended Complaint expressly asserts a *Monell* liability claim against the County Defendants alone.  (Doc. 41, at ¶ 46).  In fact, the heading states "Count Five: Monell Claim Against Saline County Arkansas." (*Id.*).  Plaintiff never mentions Aventiv in the section of the Second Amended Complaint discussing the *Monell* claim.  (*Id.*).  And there is no separate section in the Second Amended Complaint asserting a *Monell* claim against Aventiv.  Despite the clear attempt to plead that claim only against the County Defendants, the Magistrate Judge construed the Second Amended Complaint to also assert that claim against Aventiv.  "Although the Court and the parties should liberally construe *pro se* pleadings, such a liberal construction does not require that the Court or a defendant create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 U.S. Dist. LEXIS 73599, at *26 (N.D. Tex. May 23, 2013).  The Court should not adopt the Magistrate Judge's proposal that would find Plaintiff has plead a *Monell* claim against Aventiv when Plaintiff specifically only alleged the *Monell* claim against the County Defendants.

If the Court does construe the Second Amended Complaint to assert such a claim, the claim should still be dismissed.  Under the *Monell* doctrine, section 1983 does not allow vicarious liability; an organization is not liable for the isolated unconstitutional acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Eighth Circuit has held that this principle applies with equal force to private companies: "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Monell*, 436 U.S. at 690). "[T]o prove a policy, custom or action, [plaintiffs] must show a continuing, widespread, persistent pattern of unconstitutional misconduct by . . . employees; deliberate indifference to or tacit authorization of such conduct by [the company's] policymaking officials after notice to the officials of that misconduct; and . . . that the custom was the moving force behind the constitutional violation." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004). At the pleading stage, Plaintiff must at least "allege facts which would support the existence of an unconstitutional policy or custom." *Id.* at 591.

But as explained above, the Second Amended Complaint does not include any such allegations.  Instead, Plaintiff states that "a very large number of inmates incarcerated at the SCDC have made attorney-client privileged telephone calls [that have been] unlawfully recorded by Aventiv" but supports this conclusion with no facts or specificity. (Doc. 41, at ¶ 31).  He fails to identify any instances where other incarcerated individuals' attorney-client privileged calls were recorded, and he does not even allege having spoken to anyone else who claims it happened to them.  Plaintiff also fails to allege that Aventiv knew that certain of the calls it recorded were with his attorneys, yet "deliberate indifference to or tacit authorization of such conduct" is a prerequisite to stating a section 1983 claim against an organization. *Crumpley-Patterson*, 388 F.3d at 590-91.

Aventiv could have done neither of these things without first knowing that calls to attorneys were being recorded. As such, the Court should dismiss Plaintiff's *Monell* claim against Aventiv, to the extent it determines the Second Amended Complaint asserts such a claim.

## **CONCLUSION**

For each of the foregoing reasons, the Court should (1) adopt the portion of the Partial Recommended Disposition that dismisses Plaintiff's Wiretap Act and freedom of association claims; (2) reject the portion of the Partial Recommended Disposition that recommends denying Aventiv's Motion as to the remaining claims; (3) grant Aventiv's Motion and dismiss Plaintiff's remaining claims; and (4) grant Aventiv any other relief to which it may be entitled.

Respectfully submitted,

By:  */s/ Jerry D. Garner*
Jerry D. Garner, Ark. Bar No. 2014134
BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201
Telephone: (501) 372-6175
jgarner@barberlawfirm.com

-And-

Gabriel Colwell, CA Bar No. 216783
*Admitted Pro Hac Vice*
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, Suite 3100
Los Angeles, California 90071
Telephone: (213) 689-5126
gabriel.colwell@squirepb.com

***Attorneys for Defendant***
***Aventiv Technologies, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I, Jerry Garner, hereby certify that on November 8, 2022, a copy of the foregoing document was mailed by U.S. Postal Service to the following:

Rodney A. Hurdsman, #02170782
Robertson Unit, TDCJ-CID
12071 F.M. 3522
Abilene, Texas 79601

*/s/ Jerry Garner*
Jerry Garner